## MYRON HICKOK *v.* NELSON BUCK.

The defendant leased to the plaintiff a farm for one year, and, by the contract, was to provide a horse for the plaintiff to use upon the farm during the term. At the commencement of the term he furnished a horse, but took him away and sold him, before the expiration of the term, without providing another. *Held,* That the plaintiff acquired a special property in the mare, by the bailment, and was entitled to recover, in an action of trover for the horse so taken away, damages for the loss of the use of the horse during the residue of the term.

TROVER for a mare and colt. Plea, the general issue, and trial by jury, June Term, 1849,—ROYCE, Ch. J., presiding.

---

---

On trial the plaintiff gave in evidence a lease of a farm to himself from the defendant, dated March 8, 1847, to be cultivated upon shares for one year, by the terms of which he was to furnish the plaintiff with a pair of oxen and a horse, to be used in carrying on the farm, and proved, that, at about the commencement of the term, the defendant put upon the farm the mare in question, for the plaintiff to use, that this was the only horse furnished by the defendant, or used by the plaintiff for that purpose, and that in October, 1847, which was during the term, the defendant, against the will of the plaintiff, took away and sold the mare, without furnishing any other horse for the plaintiff to use,—the plaintiff then insisting to the defendant, that he needed the mare to use.

The court instructed the jury, that if they found, that the defendant placed the mare upon the farm in pursuance of the contract on his part, and that she was accepted by the plaintiff, as the horse to be used by him in carrying on the farm, the plaintiff acquired an interest in the possession and use of the mare, which would entitle him to sustain this form of action against the defendant for wrongfully taking away the mare,—especially if another horse were not substituted in her place; and that, if they found the mare was taken away by the defendant without consent of the plaintiff, and against his will, no other horse being substituted for him to use, he was entitled to recover just damages for the loss of the use of the mare upon the farm for the remainder of the term.

Verdict for plaintiff. Exceptions by defendant.

*H. E. Hubbell,* for defendant, insisted, that the plaintiff's only remedy, if any, was by an action upon the contract, and not by action of trover.

*M. Scott* for plaintiff.

The opinion of the court was delivered by

KELLOGG, J. This was an action of trover for a mare and colt, and it appeared upon the trial, that the defendant, on the eighth of March, 1847, leased to the plaintiff a farm for the term of one year, and agreed to furnish a pair of oxen and a horse to carry on the same. That at the commencement of the term, the defendant put

upon the farm the mare in question for the plaintiff to use in carry-ing on the same, and that it was the only horse furnished by the defendant or used by the plaintiff for that purpose.    That in Octo-ber, 1847, the defendant took the mare away from the plaintiff, without his consent, and against his will, and sold her, without fur-nishing any other horse for the plaintiff to use; and that the plaintiff objected to the defendant's taking the mare, and insisted, that he was entitled to the use and possession of her under the lease, and that he needed her.

The defendant now insists, that for the act of taking the mare from the plaintiff the action of trover cannot be maintained,—that by the terms of the lease he was only bound to furnish a *horse*, and that his neglect so to do would only subject him to an action for breach of the contract.    It must be conceded, that had the defend-ant neglected to put a horse upon the farm agreeably to his stipula-tion in the lease, the plaintiff could only have obtained redress for such neglect by an action for breach of the contract.    But the de-fendant having placed the mare upon the farm in pursuance of the agreement, the plaintiff, having accepted her for the purpose therein specified, became bailee of the mare, coupled with an interest and a right to retain her during the term of the demise.    The plaintiff had done nothing to forfeit this right, and the defendant could not, upon his own mere volition, put an end to the bailment.    An inva-sion of this right of the plaintiff, by taking the mare against his will and before the expiration of the bailment, was a tortious act, for which the action of trover may well be sustained.    The *general* property in the mare remained in the defendant, but by the bailment the plaintiff acquired a *special* property in her, and was entitled to the exclusive use and control of her, during the continuance of the lease.    And the defendant's interference in the matter, by taking the mare against the will of the plaintiff, is to be regarded the same, as though done by one who had no interest in her.

This disposes of the only question raised, and as we find no error in the proceedings of the court below, the judgment of the county court is affirmed.