MOORE, Respondent, v. WINTER *et al.*, Appellants.

1. Where a person hires a slave for a year and the said slave is wrongfully taken out of his possession during the term of service, the measure of damages in a suit against the wrongdoer is the value of the services of the slave during the residue of the term, even though the suit should be instituted before the expiration of such term.

*Appeal from Montgomery Circuit Court.*

This was an action to recover damages for the alleged wrongful taking of a slave out of the possession of the plaintiff. One Christopher Carter hired a slave to one R. S. Brown for one year from the 1st of January, 1857. Carter

gave his note for the hire—one hundred and seventy-five dollars—with Sterling Winter as his security. Brown took possession of said slave and continued to hold possession of him until March 23, 1857, on which day he hired him to the plaintiff Moore for the remainder of the year. The defendants Winter and King on the same day took said slave out of the possession of plaintiff and detained him from plaintiff during the remainder of the year. This suit was instituted April 27, 1857. The court gave the following instruction: "2. If the jury find for the plaintiff, then they will assess the value of the services of the slave from the time of the taking to the termination of the year for which said negro was hired, and any other damage that they find from the evidence has resulted to plaintiff from such taking." The jury found for plaintiff.

*Henderson*, for appellants.

I. No damages could be allowed for any detention since the commencement of this suit. (1 Harp. 276 ; 6 Pick. 206 ; 1 Car. & Marsh. 431 ; 3 Jones, N. C. 215 ; 2 Bibb, 215 ; 2 Gilm. 688 ; 3 Denio, 283 ; 2 Burr. 1077.)

*Jones & Hayden*, for respondent.

I. The court correctly laid down the rule with respect to the measure of damages. (See Garth v. Everett, 16 Mo. 490.)

RICHARDSON, Judge, delivered the opinion of the court.

No circumstances of aggravation are shown in this case, and the action is therefore to be regarded as one of trover in reference to the measure of damages ; (Walker v. Borland, 21 Mo. 289 ; Sedgwick on Dam. 558 ;) and in such cases the plaintiff is generally only entitled to recover the value of the property with interest. (Polk v. Allen, 19 Mo. 457.) If, however, the plaintiff has only a special property in the subject of the action, the value of the goods is not always the measure of relief, and he can generally only recover com-

mensurate with the value of his interest, whatever it may be. Thus, if he has an estate for life or for a given number of years, the value of his interest will furnish the rule of compensation; (12 S. & Mar. 223;) and in this case, as the plaintiff had the right to the possession and services of the slave from the time he was taken away by the defendants to the end of that year, he ought to recover damages for the value of the services of the slave during the residue of the term. (Compton v. Martin, 5 Pick. 14; Hickok v. Buck, 22 Verm. 149.) In Compton v. Martin, the defendant hired to the plaintiff a negro man for two years, but a few days after the slave was put into the possession of the plaintiff, he returned to his owner and was sold, so that the plaintiff was deprived of his services. In an action of trover, the plaintiff was allowed to recover the difference between the amount fixed as hire and the profits of the negro's labor for two years. The defendant, in Hickok v. Buck, leased to the plaintiff a farm for one year and agreed to furnish a horse for the plaintiff to use upon the farm during the term. The horse was furnished, but was taken away by the defendant and sold before the expiration of the year. It was held that the plaintiff acquired a special property in the horse, and was entitled to recover, in an action of trover, damages for the loss of the use of the horse for the remainder of the year.

The first clause of the second instruction is equivalent to a declaration that the plaintiff could recover the value of his interest in the slave, and therefore properly prescribed the measure of damages. The instruction however goes further, and does not stop at laying down a rule that covers all the damages that the plaintiff was entitled to demand, but declares that he was entitled to recover for "other damage." The latter clause of the instruction invited the jury into a field of indefinite boundaries, for it did not indicate the kind of damages, whether actual, remote, or speculative, which it was proper for them to consider and allow in addition to the value of the plaintiff's interest in the share; and as the first

part of the instruction embraced every element to be considered in the estimate of damages, the latter part should have been omitted.

The judgment will therefore be reversed and the cause remanded ; Judge Napton concurring. Judge Scott not sitting.