## NANCY MOORE vs. ADAM G, MOHNEY.

Where animals are let for hire, the increase belongs to the hirer, unless it is otherwise agreed at the time the contract is made.

A. let a farm to B. and by the contract, was, amongst other things, to furnish B, a team to work in carrying on the farm, and was also to furnish B. two or more cows to be kept by B.. and B. was to deliver to A, " one-half of all the butter made from said cows." *Held*, that B. was entitled to the increase of the cows during the term.

*St. Joseph Circuit, April*, 1870.

This was an action of replevin, brought by plaintiff against defendant for a number of young cattle.

The plaintiff, by written agreement, dated March 26, 1866, leased her farm in Fabius township to the defendant, for the term of one year, commencing on the first day of April, 1866, and was to receive from defendant, two-thirds of all grain, hay, and other produce raised on the farm. Farm was to be worked

by defendant, and he was to work out all highway taxes that were payable in labor. Plaintiff to furnish all the seed to be sown on farm, and plows, harrows, and other implements necessary to carry on the same, and pay all other taxes, and, also, to furnish defendant a team to be used in carrying on the farm, and feed for the same. Then follows in the agreement, this clause, viz: "The said party of the first part," (plaintiff,) "further agrees to furnish to the said party of the second part," (defendant,) "two or more cows, which are to be kept by the party of the second part, and the party of the second part, further agrees to deliver to the party of the first part, one-half of all butter made from said cows." Defendant went into possession of the farm under the lease, April 1, 1866, and continued in possession under the terms of the lease by mutual consent, from year to year for three years, and, at the end of the three years, gave up possession to plaintiff, complying with all the terms of the lease, but taking with him all the increase of the cows during that time, being 2 cows, 2 heifers and 2 calves, which plaintiff replevied in this suit, claiming them to belong to her.

*S. C. Coffinberry*, Attorney for Plaintiff.

*J. H. Lyon*, Attorney for Defendant.

*By the Court*, UPSON, J.— The written contract between the parties being silent on the subject of the increase of the cows during the term, the legal right to the same must be determined by the relation the parties sustained to each other in respect to the cows during that time. The contract seems to make the defendant a bailee of the cows for hire. They were let to him as a part of the condition of the lease of the farm, and he was also bound to deliver to the plaintiff in consideration therefore, one-half of all butter made from the cows. He was not a gratuitous bailee. In a similar case in Vermont, where a man let his farm for one year, and by the contract was to provide a horse for the lessee to use upon the farm during the term, and the lessor having furnished a horse at the commencement of the term, it was held that the lessee acquired a special property in the horse by the bailment, and was entitled, when the lessor had taken him away during the term, without providing another, to recover in an

action of trover for the horse, against the lessor, damages, for. the loss of the horse during the residue of the term. *Hickok v. Buck*, 22 *Vt.* 149.

" Where animals are let for hire, their increase belongs to the person who hires them, unless it be otherwise agreed at time the contract is made. It is otherwise however where they are lent. In that case the owner is entitled to the increase." 8 *John*, 432; 12 *John*, 314; 9 *Cow.*, 687; *Cow. Treat.*, 4th *Ed.* § 587, *p.* 227.

Under this rule, therefore, the defendant was entitled to the increase of the cows, during the term, and the said animals, being said increase, having been replevied by the Plaintiff, and the defendant having receive a return thereof to which he was entitled, &c.. elected, under the statute, (§ 5038, C. L,) to take judgment for the value of the property replevied, the same will be assessed by the court and judgment, entered in his favor accordingly.