VIRAM B. PAUL *vs.* DANIEL MESERVEY.

*Contract—rescission of.*

One contract is rescinded by another between the same parties, when the latter is inconsistent with and renders impossible the performance of the former.

Thus, where, pursuant to the sale by the plaintiff to the defendant of a mare with foal, the defendant paid the plaintiff twenty-five dollars, and agreed to let him have the colt when four months old, unless he should conclude to keep the colt and pay the plaintiff fifty dollars therefor; but in accordance with a subsequent contract, the plaintiff took back the mare before foaling time, sold her to a third person, and let the defendant have a two years old colt upon the defendant's paying him thirty-seven and one-half dollars boot money; *Held,* that when the plaintiff took back the mare and sold her, the consideration for the promise of the fifty dollars failed.

ON MOTION to set aside the verdict as being against law and against the weight of evidence.

ASSUMPSIT upon a written instrument, dated Nov. 19, 1866, signed by the parties, and of the following tenor:

It is hereby agreed between Daniel Meservey, of the first, and

V. B. Paul, of the second part, as follows: said Daniel Meservey hereby agrees to let said Paul have the colt that comes of the mare ; that the said Paul lets the said Meservey have next spring the said mare, to be well used and kept in good condition, and the colt at the said Meservey's risk until it is four months old. If said Meservey wants to take the colt at fifty dollars, he has the privilege, said colt to be delivered in a good and sound condition, if not, Meservey is to pay said Paul fifty dollars.

It appeared that the original trade was made and the mare delivered to the defendant about the 17th day of September, but the contract was not put in writing until the day of its date, November 19th, following; that neither when the trade was made, nor when the written contract was executed, was anything said between the parties in relation to trading back.

That shortly after the contract in suit was executed, the defendant let the plaintiff have the mare back for a two years old colt, and gave him thirty-seven and one-half dollars to boot; that the written agreement was not given up or mentioned by either party at the time of the making and executing of the second trade.

That about two months after the execution of the second trade, the plaintiff sold the mare to one Ordway, and was to have the colt when four months old, or sixty dollars; that the mare foaled the spring following, but the colt died when ten days old.

The jury found a verdict for the plaintiff.

*N. Abbott*, for the plaintiff.

*E. K. Boyle*, for the defendant.

WALTON, J. The plaintiff obtained a verdict in this case, and the defendant moves to have it set aside on the ground that it is against law and against evidence. The case is this :·

The plaintiff sold the defendant a mare supposed to be with foal. The defendant paid the plaintiff twenty-five dollars, and agreed to let him have the colt when it should be four months old ; or, if the defendant wanted to take the colt at fifty dollars, he was to have

the privilege. The plaintiff afterwards proposed to take back the mare, and let the defendant have a two years old colt, if the defendant would pay him thirty-seven dollars and fifty cents to boot. This the defendant agreed to, and the contract was executed. The defendant paid the boot, and the plaintiff took back his mare, and soon after sold her to another person.

The plaintiff now claims, that inasmuch as the defendant thus disabled himself from delivering to him the colt when it should be four months old, he is entitled to the fifty dollars. The defendant, on the contrary, contends, that inasmuch as the new contract was inconsistent with the former one, and rendered its further performance impossible, he was discharged from its further performance ; that the effect of the new contract was to rescind the old one ; or, at least, waive its further performance.

We think the defendant is right. We think that when a new contract is inconsistent with, and renders the performance of a former one between the same parties impossible, the former is rescinded, upon the same principle that a subsequent act of the legislature repeals a former act, when the two are inconsistent.

True, the defendant agreed to deliver the colt to the plaintiff when it should be four months old, or pay fifty dollars. But this promise was in consideration of (in fact part of) the stipulation, that the defendant might take the colt at fifty dollars, if he wanted to. The plaintiff was not to have the colt and the fifty dollars too. The fifty dollars was to be the price of the colt if the defendant elected to buy it. And when the plaintiff took back the colt and sold it to a third person,—or, what is the same thing, took the mother and sold her before the colt was foaled,—the whole consideration for the promise failed. *Motion sustained.*

*Verdict set aside.*

*New trial granted.*

APPLETON, C. J.; CUTTING,. DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.