CHRISMAN V. HODGES e. al., *Appellants.*

75 413
143 536

75 413
82a 631

**Contracts**: PAROL EVIDENCE. A contract in writing which is complete and perfect in itself and not ambiguous in its terms, will be held to supersede a prior written contract in relation to the same subject matter; and parol evidence will not be admitted to show that such was not the intention of the parties.

*Appeal from Clay Circuit Court.*—HON. GEO. W. DUNN, Judge.

AFFIRMED.

*Job South, Simrall & Sandusky* for appellants, cited *Huth v. Carondelet Marine R'y Co.*, 56 Mo. 203; *Olney v. Eaton*, 66 Mo. 563.

*Jas. E. Lincoln* for respondent, cited *Koehring v. Muemminghoff*, 61 Mo. 407; *Mechanics' Bank v. Valley Packing Co.*, 70 Mo. 643; *Griswold v. Seligman*, 72 Mo. 111; *Pearson v. Carson*, 69 Mo. 550; *Henshaw v. Dutton*, 59 Mo. 139.

HOUGH, J.—This was a suit to recover a balance due on the following instrument:

LIBERTY, Mo., February 6th, 1878.

On the 1st day of March next, we, or either of us, promise to pay Virginia Swinney, or order, for value received, $4,538, with ten per cent interest from due, compounded if not paid annually. This note is given for the balance of the purchase money due on a farm this day purchased by us from Virginia Swinney; and it is hereby agreed that this note shall not bear any interest if the said contract fails to be completed by the fault of said Virginia Swinney at the time mentioned in the title bond this day to be delivered by her.

Z. T. HODGES,
H. H. HODGES.
FRANK HODGES.

On July 24th, 1878, this instrument was assigned to the plaintiff. It appears from the record that on the 18th day of December, 1877, the defendants made a contract with one William Swinney, for the purchase of the land referred to in the instrument sued on, which contained the following stipulation :

" When said Swinney makes said parties a good and sufficient deed to said land, the said parties of the second part agree to pay of said $5,500 the sum of $1,000 ; and when said Swinney gives possession of said premises to . said parties of the second part, they agree to pay said Swinney the balance of said sum, to-wit: the sum of $4,500. As a part of this last payment said Swinney agrees to take a note, secured by deed of trust on John Hodges' land, for about $500, being the same note said parties of the second part got from the Missouri City Savings Bank."

At the time this contract was entered into, there was a suit for divorce pending between Sallie Swinney and said William Swinney, her husband, and also a suit for partition of the land sold, the land being incumbered at the time by a deed executed March 1st, 1876, by William Swinney to John Chrisman, as trustee, which conveyed an undivided half thereof to said trustee for the sole and separate use of said Sallie Swinney during her life, and at her death to be conveyed to the children of said Sallie Swinney, and the children of said William Swinney then living. The suits in partition and divorce were compromised and settled, and Mrs. Swinney, for the sum of $1,000, agreed to convey to William Swinney all her interest in the land secured to her for life. This conveyance was, for convenience and at the instance of William Swinney, made to his daughter, Virginia Swinney. All other parties having any interest under said trust deed also conveyed their interests to Virginia Swinney, who having been thus invested with the entire title, executed on the 6th day of February, 1878, a bond for title to the defendants, containing the following condition : .

"The condition of the foregoing obligation is such, that, whereas, the said Virginia Swinney has this day sold to the said Zachariah T. Hodges, Henry H. Hodges and Frank Hodges, for and in consideration of the amounts hereinafter specified, the following described real estate, (describing it). The said Zachariah T., Henry H. and Frank Hodges have this day paid in cash to the said Virginia Swinney the sum of $1,000, the receipt of which is hereby acknowledged, on said land, and executed their joint promissory note of even date herewith, for the sum of $4,538, due on the 1st day of March, 1878, with interest from due at the rate of ten per cent per annum, compounded at end of each year if not paid when due; and the said Zachariah T., Henry H. and Frank Hodges further binding themselves to pay, in addition to said note to Virginia Swinney, the value of the wheat and the labor for putting the same in, that is now sowed on said farm."

The note sued on was executed by defendants at the same time. At the instance of the defendants who executed the note, William Swinney and Virginia Swinney were made parties defendant.

The makers of the note claim the right to show by parol testimony, that it was not the intention of the parties, by the execution of the note and title bond, to alter the terms of the original contract of December 18th, 1877, between themselves and William Swinney, or to substitute a new contract therefor, and that the plaintiff should be required to receive the Hodges note in part payment of the note sued on, as provided in the original contract. We do not think such testimony was admissible. Its effect would be to contradict the terms both of the title bond of Virginia Swinney and the note executed by defendant, now sued on. The note promises to pay in money, and the evidence offered, was for the purpose of showing that said note was to be partly paid in property. The note is complete and perfect in itself, the terms are unambiguous, and being the latest expression of the agreement of the parties,

it must be held to supersede the original contract of December 18th, 1877, and not subject to be varied by parol.

The judgment of the circuit court properly construed, is a money judgment only against the makers of the note, and not against William Swinney and Virginia Swinney as contended by defendants' counsel. This sufficiently appears from the closing sentence of the decree, which is as follows : "And it is further decreed that upon the payment of said sum of $719.27 by said Z. T. Hodges, Henry Hodges and Frank Hodges, the title and all the interest of Virginia Swinney, William Swinney and John Chrisman be vested in said Z. T. Hodges, Henry Hodges and Frank Hodges." The judgment of the circuit court will be affirmed. The other judges concur.