# E. H. WILLIS v. FRANK L. ADAMS.

### January Term, 1894.

*Possession of deed.   Constructive notice of contents.
Conversion.*

1.  One who has the custody and possession of a deed, knowing
    what it is, is charged with constructive knowledge of its
    contents.

2.  One who takes a conveyance of land upon condition that the
    proceeds of the timber growing upon it shall be applied in
    payment of a certain debt due the grantor, is liable in
    trover if he appropriates the timber to his own use under
    claim of right.

Trover for certain logs.   Plea, the general issue.   Heard
upon the report of a referee at the September term, 1892,
Windham county, Munson, J., presiding.   Judgment for
the plaintiff.   The defendant excepts.   The case appears
in the opinion.

*Haskins & Stoddard* for the defendant.

The sale was a conditional one of personal property, so
far as the timber was concerned.   *Claflin* v. *Carpenter,* 4
Met. 480; *Nettleton* v. *Sikes,* 8 Met. 34; *Douglas* v.
*Shumway,* 13 Gray 498; *Pike's Admr.* v. *Morey.* 32 Vt.
37; *Yale* v. *Seely,* 15 Vt. 221.

Since the plaintiff never recorded his mortgage the de-
fendant, a purchaser without notice, is not affected by it.

R. L., s. 1992; *Bugbee* v. *Stevens*, 53 Vt. 389; *Whitcomb* v. *Woodworth*, 54 Vt. 544; *Callender Co.* v. *Marshall*, 57 Vt. 232.

The defendant had the right to sever and dispose of this timber, hence trover will lie. *Kellogg* v. *Fox*, 45 Vt. 348; *Clark* v. *Whittaker*, 18 Conn. 543; *Santiago Innerarity et al.* v. *Merchant's National Bank*, 139 Mass. 332; 1 Add. Tor., 483; 1 Benj. Sales, ss. 448, 449.

*Waterman, Martin & Hitt* for the plaintiff.

The timber being reserved remained the property of the plaintiff. *Adams et al.* v. *Warner et al.*, 23 Vt. 395; *Hutchinson* v. *Ford*, 62 Vt. 97; *Roberts* v. *Robertson*, 53 Vt. 690; *Batchelder* v. *Jenness*, 59 Vt. 104; *Cooney* v. *Hayes et al.*, 40 Vt. 478; *Darling* v. *Robbins*, 60 Vt. 347.

Having the deed containing this reservation in his possession, the defendant is charged with constructive notice of its contents. 2 Wash. R. P., 630, 693; *Brush* v. *Ware et al.*, 15 Pet. 93; *Merton* v. *Joliffe*, Amb. 211; *Moore* v. *Bennet*, 2 Cush. 246.

TAFT, J. On October 31, 1883, the plaintiff was the owner of land in Stratton from which the logs in controversy were cut. On that day he conveyed it to Shipman & Brown, partners, by deed of warranty with a condition that "the proceeds of the hardwood timber thereon shall be applied to the payment of a seventy-five dollar note of even date, etc., * * * all said timber and the proceeds thereof to be mine (plaintiff's) until said notes are paid." At the same time a mortgage deed of the premises was given by Shipman & Brown to secure the note in question, with other notes, with a consent to the condition in the warranty deed. The deeds were never placed on record. December 20, 1883, the defendant purchased Shipman's interest in the

firm, and the property of the partnership, except the Stratton land, was conveyed to him by Shipman, but Shipman, Brown and the defendant understood that Shipman's interest in the land passed to the defendant, or, in other words, as the parties termed it, the defendant "stepped into Shipman's shoes."

At the time of the defendant's purchase the latter took the deed from the plaintiff to Shipman & Brown, and since that time has kept it. The referee was unable to find that he read it or had knowledge of the condition contained in it, until the plaintiff demanded of him the logs in suit. The defendant, for himself and partner, Brown, cut the logs and disposed of them to their own, not the plaintiff's, use, and claimed, when the plaintiff demanded them, that he and Brown had title to them as against the plaintiff. The defendant insists that the sale to Shipman & Brown was a conditional sale of personal property, and it not being shown that the writing evidencing it was recorded, he, defendant, is a subsequent purchaser without notice, and the lien as against him, invalid. The defendant had no title to the timber except what he acquired under his contract with Shipman, and having the deed evidencing Shipman's rights in his possession we think he had constructive notice of the state and condition of the latter's title the same as if the deed had been of record. The law charged him with notice. The record would have been no more effective as notice than the deed itself. The defendant claims under rights derived from the plaintiff, and is bound by everything stated in the conveyances constituting his claim of title. Whether the property in the timber was of such a nature as to require a record of its sale under R. L., s. 1992, we are not called upon to decide, for if it was the defendant had constructive notice of it.

The defendant further insists that, under the arrangement between the plaintiff and Shipman & Brown he, the

defendant, as vendee of Shipman, had license to convert the timber into money, and therefore trover cannot be maintained for the logs. His license was special that he should cut the timber and apply the proceeds upon the note. The only right he had to the timber was upon condition that its proceeds should be applied upon the note. The fair meaning of which is that he could not sell the logs unless the pay or the proceeds should go directly to the plaintiff. The defendant's right to the logs was terminable by any act of his that put an end to the character or right in which he held the timber; the act of claiming the logs as his own and selling them as his own was of that nature and made him a wrong doer.

When the defendant repudiated the lien and claimed title to the logs in himself, in utter disregard of the plaintiff's rights, he was a wrong doer, and the plaintiff became entitled to the possession of the logs and, having the title, can well maintain trover. The principle here stated was applied in *White* v. *Langdon*, 30 Vt. 599, a case similar in every respect to this, in its facts, in an action of trover against the purchaser from the conditional vendee, who had leave to trade off the horse, provided the avails were paid to the plaintiff. The only authority Adams had to sell the lumber was on condition that the *avails should be paid to the plaintiff*. The sale in this case was upon condition that the proceeds of the hardwood lumber should be applied in payment of the seventy-five dollar note, and the defendant had no right to cut the timber unless the proceeds were so applied.

*Judgment affirmed.*

Ross, C. J., dissents on the last point.

ROSS, C. J. To maintain this action the plaintiff must establish that he was entitled to the hardwood logs when he

demanded them of the defendant just before bringing this
suit, August 12, 1890. He must establish that he then had
a general or special property in the logs and was entitled to
their immediate possession. *Swift* v. *Moseley*, 10 Vt. 208;
*Hickok* v. *Buck*, 22 Vt. 149. To maintain his title and
right of possession he relies upon the condition in his deed
to Shipman & Brown, dated October 31, 1883, and their
mortgage back to secure the performance of the condition.
The property conveyed was a timber lot in Stratton. Ship-
man & Brown were manufacturers of lumber. The defend-
ant purchased Shipman's rights in the partnership of Ship-
man & Brown and took upon himself Shipman's liabilities
in it. The plaintiff's deed was an ordinary warranty deed
of the lot of land with a condition in regard to the timber cut
and to be cut therefrom. By it the *proceeds* of the timber
were to be applied to the payment of the notes of Shipman
& Brown, falling due in 1884, 1885 and 1886. The *pro-
ceeds* of the hardwood timber, the logs in controversy, were
to be applied to the payment of a note falling due February
1, 1886. The condition closes with these words: "All
said timber and *the proceeds* thereof to be mine until said
notes are paid." By this the plaintiff reserves the *proceeds*
as well as the *timber*. By the deed he gives the grantees
the right to enter and take possession of the lot, cut, remove
and manufacture the timber into lumber, and turn the lum-
ber into *money* or *proceeds*. The bailment is not ended
until the timber is manufactured and turned into money or
proceeds. The proceeds are to be applied to the payment
of the note. Not until the lumber is turned into proceeds is
it to be applied to the note held by and belonging to the
plaintiff. By the terms of the bailment the money or
proceeds are to come into the hands of the defendant, as
much as the timber or lumber. In all these stages it is the
property of the plaintiff, but he has no right to the posses-
sion of it until it becomes money in the hands of the defend-

ants, or in a condition to be applied to the payment of a note, a money obligation.

Such I think is the construction to be placed upon the language of the condition. It could not have been the intention of the parties to the deeds that the defendants should sell the lumber so that the money coming from such sales should be paid by the purchasers to the plaintiff, and unless the payment was so made the sale was illegal and unauthorized. In that case the defendant would have had nothing to do with the *proceeds*. Such proceeds could never come into his hands. If such had been the intention, different and more appropriate language would have been used by the parties to the deed. It would have been specifically provided that the money coming from any sale of the lumber should be *paid to the plaintiff*. But without so specifying the plaintiff provided that the defendant, when he had the hardwood logs converted into money or proceeds, should hand enough of it to him to liquidate the note. On this construction which, to my mind, is the proper one, the plaintiff was not entitled to the hardwood logs either when he demanded them or at any time, because the terms of the bailment were not ended until the logs had been turned into money. Then the plaintiff had a right to have that identical money paid to him, so far as was necessary to liquidate the note.

In my judgment, on any proper construction of the language of the condition, when applied to the facts, that the property was a timber lot, conveyed to manufacturers of lumber, to have the timber taken off, manufactured and sold by them to meet the demands of customers, and the money received applied to the payment of the note, this case cannot be brought within *White* v. *Langdon*, 30 Vt. 599, where it was found that McLeran's only authority to sell the horse was on condition that the *avails should be paid to the plaintiff*. He sold the horse without complying with the condi-

tion, and therefore wrongfully. If my construction of the condition of the deed is the correct one, the defendant and his partner lawfully sold the lumber coming from the hardwood logs demanded and cannot be made liable for them in this action.