H. L. FRANK, APPELLANT, *v.* GEORGE A. COBBAN, ET AL., RESPONDENTS.

[Submitted Sept. 29, 1897. Decided Oct. 4, 1897.]

*Covenants—Release—Pleading.*

1. COVENANTS—*Release*—Where a deed contains a covenant that there are no liens due and unpaid upon the premises conveyed, and upon the same day the grantee executes and delivers to his grantors a mortgage upon the same premises and containing a covenant to pay all taxes then subsisting upon the property, the terms of the mortgage will be deemed impliedly to discharge and supersede the covenant in the deed, where no fraud or mistake is alleged.
2. SAME—*Pleading*—In an action brought by the grantee in a deed for the breach of a covenant that there were no taxes due and unpaid upon the premises conveyed, an answer which alleges that, upon the day the deed was delivered, the grantee executed and delivered to the defendant grantors a mortgage upon the same premises, containing a covenant to pay all taxes then subsisting thereon, sufficiently alleges a release and that the contract in the mortgage superseded the covenant in the deed.

*Appeal from the District Court of Silver Bow county.*

Action by H. L. Frank against George A. Cobban and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

Action to recover the sum of $478.35 from defendants,— the amount of taxes paid on certain property by plaintiff.

On August 29, 1894, defendant George A. Cobban and others, in consideration of $25 000, executed a warranty deed to plaintiff for certain property in the city of Butte. The defendant and others, grantors, convenanted and agreed with plaintiff at the time of the execution of such deed that the premises granted were free, clear, discharged, and unincumbered of and from all taxes, assessments, and incumbrances of whatever nature or kind soever. At the time of the execution and delivery of the deed the premises were not free and unincumbered from assessments, taxes, and liens, but the sum of $478.35 was lawfully then levied as taxes against said property, and was at the time a lien thereon. On the same day of the execution and delivery of the deed, but thereafter, plaintiff (appellant herein) executed a mortgage upon the same premises to defendants, to secue the payment of 18 promissory notes of $1,000 each. By the terms and conditions of the mortgage, plaintiff agreed that he would pay and discharge at maturity all such taxes or assessments, liens, or other incumbrances then subsisting upon the property, or which might thereafter be laid or imposed upon the premises.

On the ——- day of January, 1895, plaintiff demanded of defendants to pay the taxes, and, upon defendants' refusal so to do, plaintiff paid the same, and brought this action to recover the sum paid.

The case was tried to the court upon the pleadings and upon a stipulation wherein it was agreed that the allegations of facts in defendants' answer were true and that none of the facts therein pleaded were deemed denied. The material parts of the answer plead the execution and delivery of the mortgage above referred to, and aver that, in consideration of the

payment to plaintiff of the amount described in said mortgage and notes, the plaintiff expressly covenanted, promised, and agreed to and with the defendants to pay and discharge at maturity all such taxes or assessments then subsisting on the date of the mortgage, to wit, August 29, 1894, and that the payment by plaintiff of the amount of taxes as alleged in his complaint was made according to the terms of the mortgage, and under the obligations therein imposed upon plaintiff. The defendants had judgment in the court below, and from that judgment the plaintiff, H. L. Frank, appeals.

*W. S. Shaw*, for Appellant.

*C. R. Leonard*, for Respondents.

HUNT, J.—The convenant of the defendants, who conveyed the premises to plaintiff, was broken by reason of the fact that at the time of the deed the premises were not free, clear, discharged, and unincumbered of and and from all charges, taxes, assessments, and incumbrances, as agreed by the terms of the deed to plaintiff. This is indisputable. But plaintiff, after the delivery to him of the deed, and upon the same day, executed the mortgage to defendants, wherein he expressly covenanted, promised, and agreed to and with defendants to pay and discharge at maturity all such taxes or assessments, liens, or other incumbrances then subsisting or thereafter to be laid or imposed upon the premises granted, or which might be, in effect, a prior charge upon them to the mortgage.

The answer avers that this express covenant, agreement, and promise in the mortgage on plaintiff's part was made in consideration of the payment to plaintiff of the amount described in the mortgage and certain notes.

The allegations of the answer being stipulated to be the truth, we find that the plaintiff, by the terms of the mortgage, agreed to do that which respondents, by their prior contract, were bound to do. The provision of the deed is, therefore, inconsistent with the terms of the mortgage in respect

to the payment of the taxes in question. In such cases the terms of the later contract will be deemed impliedly to discharge the terms of the prior one inconsistent with the new. So, in this case, there being no fraud or mistake pleaded, as the latest expression of the agreement of the parties, the covenant by plaintiff to pay taxes then subsisting must be held to supersede the original covenant of the defendants in the deed in respect to the payment by them of such taxes. (Clark, Cont. page 612; *Chrisman* v. *Hodges*, 75 Mo. 413; *Paul* v. *Meservey*, 58 Me. 419.)

When plaintiff executed the mortgage and its covenants, he waived any right of action accruing to him from a breach of the promise to pay the taxes made to him by the defendants in his deed, and he is in no position to ask for reimbursement of sums due on assessments for the taxes which subsisted when he executed the mortgage wherein he deliberately agreed to pay the same.

Appellant makes the point that a release or contract made to supersede a contract, if relied on as a defense, must be specially pleaded. Defendants have, however, set forth the mortgage contract as part of their answer, and insert in the body thereof the covenant and agreement to pay the taxes, and allege that such payment was made under the obligation imposed by the provision of the mortgage quoted in the answer. This, we think, was sufficient to enable defendants to avail themselves of the defense of a release. Finding no error in the record, the judgment must be affirmed.

*Affirmed.*

PEMBERTON, C. J., and BUCK, J., concur.