FERN BIBLER, RESPONDENT, v. MARY M. IUCHS, APPELLANT.

Kansas City Court of Appeals. June 29, 1925.

**1.—Assignments—Assignor, by Assignment Proper, Parts with All His Interest of Whatever Kind or Character.** By an assignment proper, assignor parts with all his interest of whatever kind or character.

**2.—Landlord and Tenant—Covenant in Lease Held to Run with Land and Enforceable Against Original Lessor by Assignee of Lessee.** Covenant to build garage, as specified in lease, held one inuring to assignee and runs with land, since it was vital to enjoyment and use of premises by lessee.

**3.—Same—Tenant Whose Term is in Excess of Two Years May Assign Without Landlord's Consent.** Though lease does not run to assigns, a tenant, whose term is in excess of two years, may assign without landlord's consent.

**4.—Same—A Valid Assignment Held to Transfer Right of Cause of Action Against Landlord for Breach of Covenant, Though Not Mentioned Therein.** Under section 6877, Revised Statutes 1919, an assignment by tenant, whose term is in excess of two years, transfers interest of tenant and right of cause of action against original lessor for failure to comply with covenant in lease.

**5.—Same—Time Held not Essence of Contract.** Time not essence of contract under which lessor covenanted to build, and if it was, evidence **held** to show provision waived at time tenant made assignment.

**6.—Same—Assignee Held Entitled to Recover Damages for Full Term of Lease, Though in Possession Shorter Time.** Where breach of lease covenant was complete, and covenant repudiated by lessor, assignee of tenant, who had been in possession only three and one-half months, **held** entitled to recover damages for full ten-year term of lease.

**7.—Same—In Suit by Assignee Against Lessor for Breach of Covenant, Where Assignment of Lease Pleaded, Unnecessary to Plead Assignment of Cause of Action.** In action by assignee of tenant against lessor for breach of covenant to build garage on leased premises, where petition alleged assignment of lease, unnecessary to allege assignment of cause of action sued on.

**8.—Same—Merger—Short Term Lease Held Merged into Long Term Lease.** Short term lease under which premises were held at time of execution of ten-year lease, **held** merged in latter, especially where terms thereof provided that "present rental is to be paid by the lessees until the new building is completed."

*Corpus Juris-Cyc. References: Assignments, 5CJ, p. 946, n. 57. Landlord and Tenant, 35CJ, p. 977, n. 80; p. 1038, n. 46; p. 1188, n. 23; 36CJ, p. 194, n. 75, 86, 91; p. 195, n. 99 New; p. 196, n. 19 New.

Appeal from the Circuit Court of Jackson County.—Hon. Nelson Johnson, Judge.

AFFIRMED.

*Geo. F. Anderson* and *Denton Dunn* for respondent.

*Frank Yoeman, Stanley Bassett* and *Omar E. Robinson* for appellant.

ARNOLD, J.—This is an action to recover damages for a breach of covenant in a certain ten-year lease on certain property in Kansas City, Missouri, and to set aside a deed made by defendant Mary M. Iuchs to defendant A. Siegel, and that the money relief sought and the said ten-year lease be declared a special lien against the real estate. There is no dispute as to the material facts in the case.

Defendant Mary M. Iuchs owned certain real estate in Kansas City, Mo., located at the southwest corner of Twenty-seventh Street and Spruce Avenue, designated as No. 4215 East 27th Street, upon which was located an old building. On September 15, 1921, Mrs. Iuchs, the owner, entered into a contract with one C. F. Cons whereby she leased to Cons the said property for a period of two years from July 28, 1921, for a monthly rental of $50. The lease provided that

lessee should not convey, assign, sublet or allow any other tenant to come in with or under him without the written consent of the lessor. The lease was signed by Mary M. Iuchs, G. Havens, Betty P. Cons and C. F. Cons.

On April 28, 1922, Mrs. Iuchs, the owner, entered into a lease contract with C. F. Cons, E. F. Cons and Betty P. Cons, whereby she leased property described therein as "4217-4219 East 27th St., Kansas City, Jackson County, Missouri," for a period of ten years "to begin as hereinafter specified," on terms and conditions thereinafter set out. Section 2 of said lease is as follows:

"The lessor agrees to erect and complete on said lot on or before September 15, 1922, a building to be used for garage purposes, all in accordance with plans and specifications agreed on by the parties hereto and to be furnished by L. G. Middaugh, architect. When said building is completed, finished and ready for occupancy, said term of ten (10) years shall begin."

The lessees agreed to pay rent $125 per month for the first four months, $150 per month for the succeeding one year and $175 per month for the succeeding year and $200 per month for the remaining term of the lease, payable in advance. The lease also provided that "lessees are to have the privilege of subletting the building to a solvent tenant that is satisfactory to lessor," and section 3 provides that present rental is to be paid by lessees until the new building is completed and ready for occupancy. This lease was signed by C. F. Cons, E. F. Cons, Betty Cons and Mary M. Iuchs. That provision of section 3 has reference to the $50 per month that was being paid by Cons under the terms of the short-term lease expiring July 29, 1923.

The lessor failed to erect the new building specified in the ten-year lease. The evidence shows, however, that she began the construction of the foundations therefor, for which she spent $1500 or more; that she entered into negotiations with a loan company to finance the new building; that she failed to secure a loan of the necessary funds. After lessor had failed to carry out this provision of the lease, C. F. Cons, lessee named in the short-time lease and also one of the lessees named in the ten-year lease, undertook to sell both leases to Fern Bibler, the plaintiff herein.

The testimony shows that the Cons and Bibler called on Mrs. Iuchs and Gussie Havens, her agent, to obtain consent for the sale of the leases to Bibler. After several conferences relative to the matter. the lessor consented to the assignment of the short-term lease. There is some dispute as to whether or not she verbally agreed to the assignment of the ten-year lease. Mrs. Iuchs testified she refused such consent for the reason that she was not satisfied with Bibler's character and solvency. Bibler testified that Mrs. Iuchs did give her con-

sent to the assignment. The testimony shows that lessor did not sign a written consent to the assignment.

On December 8, 1922, C. F. Cons assigned both leases to plaintiff herein, the short-time lease with the written consent of lessor, and the ten-year lease without such written consent, and plaintiff herein took possession of the property. The assignment of the ten-year lease is as follows:

"Kansas City, Mo., December 8, 1922.

"The within contract of lease and all rights thereunder are hereby assigned and transferred to Fern Bibler, who hereby assumes all obligations thereunder.

(Signed)  "C. F. CONS,
 "E. F. CONS,
 "BETTY CONS,
 "FERN BIBLER."

Bibler paid for the leases $1000 cash and gave his note for $500. The testimony shows that the assignee of the leases knew on the date of the assignment that lessor had defaulted in the construction of the new building, as required by the ten-year lease, but he testified that lessor told him she would erect a new garage when she got rid of certain litigation in which she was then involved in respect to the enterprise, and that he bought the lease in reliance upon said representations. This suit was instituted three and a half months after he went into possession of the property; in the meantime he paid to lessor the rent stipulated in the short-term lease.

It appears that in the latter part of February, 1923, Bibler, having ascertained that lessor had settled the litigation to which she had previously referred as a hindrance to the completion of the building, went to her and asked if anything then stood in the way of the completion of the building and that lessor told him she had failed to obtain a loan because the rents stipulated in the loan were not large enough and that she did not think she could go ahead with the building.

Shortly thereafter, and on March 23, 1923, lessor executed a deed by which she conveyed the premises in question to A. Siegel, and on the following day she wrote plaintiff Bibler who had acquired the lease by assignment, notifying him that she had sold the property and that in the future, Mr. A. Siegel to whom she had deeded the property would have control thereof and would collect the rent. It is shown that the deed to Siegel was without consideration and was not actually delivered. The deed was recorded, however. At about the same time Mr. Siegel by a deed which was never recorded reconveyed the property to Mrs. Iuchs.

The suit was directed against Mary M. Iuchs, Gussie D. Havens and A. Siegel, and seeks to recover for breach of the covenant to

erect the new garage building, damages to cover the full term of the lease and to make said lease a lien upon the premises, and the court was asked to set aside the deed from Iuchs to Siegel.

Defendants filed an answer and cross-bill in favor of Mary M. Iuchs in which she admitted the execution of the lease in question and that she was the owner of the property described in the petition. The answer alleges there was no consideration for the execution of the lease; that plaintiff should not be permitted to maintain this action because the lease shows on its face that the time for the erection of the building had long since passed when the assignment of the lease was secured by plaintiff, and that lessor refused assent to the assignment for the reason that a loan on the property was not available and that other difficulties threatened to prevent her from proceeding with the building of the new garage, and that plaintiff knew all of these conditions and circumstances at the time of said assignment.

The cross-bill recites the difficulties under which lessor labored in her endeavor to secure a loan for the erection of the building; that she had spent approximately $1500 on the foundation; and that she was unavoidably harrassed by lawsuits and mechanics liens in connection with the same; that she endeavored to procure reliable contractors, and that she did procure several contractors to go upon the premises for the purpose of making estimates of cost of construction, etc., "and in every case the plaintiff herein would make inquiries as to what was going on and proclaim that he held a ten-year lease and such other remarks as to discourage the contractors to such an extent as to cause them to report to this defendant that they did not care to go on to the job; that plaintiff became so annoying to this defendant and to her co-defendant, Gussie D. Havens, in calling them up on the telephone and threatening to file lawsuits unless they immediately erected a building for him that this defendant endeavored to get away from plaintiff's continual harassing and caused said deed in plaintiff's petition mentioned to be filed, conveying said property to her co-defendant A. Siegel; that the purported lien of the plaintiff and said deed so filed by this defendant, because of the harassing and threats of the plaintiff, cloud the title of this defendant's said real property; that she has no adequate remedy at law." The cross-bill prays that the contract of lease be cancelled and held for naught; that the title to the real estate be declared in Mary M. Iuchs.

The reply makes general denial as to the answer and for reply to the cross-bill, admits that defendant had plans and specifications prepared for said garage building and that defendant executed the deed to Siegel in an attempt to escape her obligations to plaintiff. The reply further avers that the matters alleged in the cross-bill are not such as to entitle defendant to any legal or equitable relief.

Upon the pleadings thus made the cause went to trial. The Chancellor after hearing the case held that the deed from Iuchs to Siegel was void and decreed that the title be revested in defendant Iuchs, subject to the ten-year lease; and finding for plaintiff on the question of damages in the sum of $3000, rendered judgment for the amount, refused to declare the judgment a lien against the property and dismissed the petition as to defendants Siegel and Havens.

Motions for new trial and in arrest of judgment were unavailing and defendant Iuchs appeals. It is charged that the Chancellor erred in holding, in effect, that the covenant to build the new house is a covenant which runs with the land and is transferable by an assignment of the leasehold.

We think defendant's position in this respect is not tenable It is the rule that in an assignment proper, the assignor parts with all his interest of whatever kind or character (Railway Co. v. Railway Co., 135 Mo. 173, 192, 36 S. W. 602), so that the original lessor would be bound by any covenant running with the land. It is not contended there was privity of contract between the original lessor and the assignee, as plaintiff made no contract with defendant. However, if the lease contract to build the new building runs with the land, plaintiff obtained the whole interest of Cons, by the assignment, then there would be privity of estate if the contract is valid; and thus the covenants in the original lease which run with the land are binding.

It must be conceded that Cons, at least, attempted to part with all his interest in the leased premises to Bibler by the assignment, and if the assignment is valid, Bibler has recourse for any breach of covenant in the lease running with the land. Therefore the covenant to build the new garage, as specified in the ten-year lease, being one that inures to the assignee, runs with the land, since it was vital to the enjoyment and use of the premises by the lessee. [Roth Tool Co. v. Champ. Springs Co., 93 Mo. App. 530, 542; Weigle v. Rogers, 202 Mo. App. 520, 213 S. W. 501; Hadley v. Bernero, 97 Mo. App. 314, 323, 71 S. W. 451, 454.]

This brings us to a consideration of the point urged by defendant that the assignment of the ten-year lease by Cons to Bibler was a nullity because no written consent therefor was obtained from defendant Mrs. Iuchs. This point is determined against defendant's contention by section 6877, Revised Statutes 1919, which provides: "No tenant for a term not exceeding two years, or at will, or by sufferance, shall assign or transfer his term or interest, or any part thereof, to another without the written assent of the landlord; neither shall he violate any of the conditions of his written lease, nor commit waste upon the leased premises." Under this statute, a tenant whose term is in excess of two years may assign without the landlord's con-

sent. [Edwards v. Collins, 198 Mo. App. 569, 199 S. W. 580; Griggs v. Bridgewater, 168 Mo. App. 342, 151 S. W. 764; Moore v. Trust Co., 173 Mo. 218, 73 S. W. 143.]

The point is urged that the assignment of the lease does not carry with it the assignment of the cause of action. We think this point requires no further discussion than to refer to our ruling herein that under the statute (sec. 6877, R. S. 1919) the assignment was valid without the consent of the lessor, under the holding in Weigel v. Rogers, supra, and carried with it all of the assignor's rights under the lease of whatever kind or description.

We agree with plaintiff in the statement that time was not of the essence of the contract, and if it was the evidence shows that provision was waived and all other features of the covenant were in full force and effect at the time of the assignment. [Bridge Co. v. Corrigan, 251 Mo. 667, 158 S. W. 39; Carroll v. Haskell, 161 Mo. App. 424, 143 S. W. 835.]

It is insisted that the assignee herein cannot recover damages for the full ten-year term of the lease when he has owned the lease for approximately three and a half months and could have sustained damages only for that period, if any. This contention is without merit for the reason that the breach of the covenant was complete and the covenant repudiated by defendant, as shown in the evidence. Under such facts, damages are recoverable for the full period of the lease. This is the rule in this State. [Moore v. Winter, 27 Mo. 380; Ordelheide v. Traube, 183 Mo. App. 363, 166 S. W. 1108.]

It is further urged that the petition is not sufficient to constitute a cause of action, and in support of this statement defendant argues that the action for a breach of the covenant, if any, is in Cons and his associate lessees; and that the petition does not allege the assignment of the cause of action. The petition alleges a cause of action in setting up the assignment which we have herein declared to be valid. Furthermore, we hold that the short term lease under which the premises were held at the time of the execution of the ten-year lease was merged into the latter. We think there is no doubt on this point. The language of the ten-year lease is that "the present rental is to be paid by the lessees until the new building is completed." There can be no question but that it was the intention of the parties to merge the short-time lease into the long-term lease. [Chrisman v. Hodges, 75 Mo. 413; Tuggle v. Callison, 143 Mo. 536; Carmen v. Harrah, 182 Mo. App. 365; Herboth v. Radiator Co., 145 Mo. App. 484.]

The point is urged that inasmuch as the long-term lease does not, in terms, run to assigns, lessee was without authority to assign it. This point cannot be successfully maintained under the rulings in this State construing section 6877, Revised Statutes, 1919. Further discussion of this point would be unprofitable.

What we have said disposes of other points in defendant's brief, to-wit: That the judgment rendered was not supported by the petition; that defendant's demurrer to the evidence should have been sustained, and that the judgment is not supported by the law or the evidence. The remaining points raised and not herein specifically mentioned have already been determined and need not be further discussed.

The judgment is affirmed. *Bland, J.,* concurs; *Trimble, P. J.,* absent.