CLIFFORD BECKER, Appellant, *v.* WILLIAM GARDNER, Respondent.

Fourth Department, March 16, 1932.

*Edward V. Guinnane,* for the appellant.

*Van Vlack, Bargar & Berglund* [*Lester W. Berglund* of counsel], for the respondent.

PER CURIAM. From the return of the justice of the peace herein it is impossible to form any judgment of the merits of the case. Plaintiff was the purchaser of personal property from defendant, under a conditional sale contract, by the terms of which title remained in defendant until fully paid for. It is reasonably clear that the installments were not all paid, but not at all clear that plaintiff was in default in any of the payments, at the time defendant appropriated the property. Plaintiff brought his suit in conversion and was given judgment by the Justice Court. The County Court reversed the judgment and dismissed the complaint on the theory, as stated in an opinion, that plaintiff was in default in his payments, and that, while he might have an action under section 80 of the Personal Property Law, he could have none in conversion.

We are not called upon to decide whether or not the plaintiff, even conceding that he were in default in his payments, could sue the defendant in conversion, because of the latter's failure to sell the property at auction, pursuant to sections 79 and 80 of the Personal Property Law (added by Laws of 1922, chap. 642). (See *La Rocca Builders, Inc., v. Sanders,* 230 App. Div. 594.) No one can say from the justice's return that plaintiff

was in default in his payments. And if not in default, he could properly sue even the general owner of the legal title to the property for conversion of plaintiff's special interest in it. (*Hutchings* v. *Munger*, 41 N. Y. 155; cited with approval in *O'Rourke* v. *Hadcock*, 114 id. 541, at p. 550; *Hickok* v. *Buck*, 22 Vt. 149; *Desseau* v. *Holmes*, 187 Mass. 486; *Smith* v. *Goff*, 29 R. I. 439; *Carvell* v. *Weaver*, 54 Cal. App. 734; 55 C. J. p. 1323, § 1391; Estrich Instalment Sales, p. 886, § 468; Bowers Law of Conversion, p. 281, § 383; p. 317, § 434.)

In the present state of the record in the Justice Court the complaint should not have been dismissed. The judgment of the County Court should be reversed and a new trial granted in Justice Court, before another justice of the peace, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment reversed on the law and a new trial granted before Ernest Leet, justice of the peace, with costs in this court and in County Court to the appellant to abide the event.