THOMAS M. JOHNSON, Appellant, v. HARVEY I. RUTH, Respondent.

**St. Louis Court of Appeals, March 5, 1889.**

1. **Bailment: DUTIES OF BAILEE.** Instructions to the effect that the defendant, as bailee of a horse for hire, was bound to use ordinary care to return the horse entrusted to him, and if he failed in that duty, the plaintiff bailor was entitled to recover for any loss suffered thereby ; defining ordinary care as that which is usually exercised under like circumstances by men of ordinary prudence, and directing that, in determining the question of ordinary care, the jury might take into consideration the surrounding circumstances, the character and value of the property and its liability to be stolen or taken away, were erroneously refused ; and the error was not cured by an instruction that the defendant was liable if the plaintiff suffered loss by his negligent action in failing to return the horse.

2. **Instructions, NOT SUSTAINED BY EVIDENCE.** An instruction given upon a hypothesis, which is not sustained by any evidence in the record, is erroneous.

3. **Instructions : DUTIES OF BAILOR.** It was error to instruct that the plaintiff, a livery stable keeper, was under a legal duty to keep his place open during all reasonable hours, and that, if his failure so to do contributed to the loss, he could not recover.

4. **Instructions,** ERRONEOUS. It is erroneous to give instructions which comment on the evidence, or are argumentative, or which state facts as constituting such negligence on the part of the plaintiff as will debar a recovery, when the question of negligence is one to be passed on by the jury, and not by the court.

*Appeal from the Butler Circuit Court.*—HON. JOHN G. WEAR, Judge.

REVERSED AND REMANDED.

*George H. Benton,* for the appellant.

It is the duty of a bailee for price to exercise ordinary care to return the property hired, and failing to do so is liable for any consequent damage. This law was accurately defined in the instructions requested by the plaintiff, and the court erred in refusing to give them. Pars. Cont. (5 Ed.) pp. 121, 122 and note 10 ; *Columbus v. Howard,* 6 Mo. 213, 219 ; *Harrington v. Snyder,* 3 Barb. 380 ; *Millon v. Salisbury,* 13 John, 211 ; *Foster v. Bank,* 17 Mass. 419. The court erred in the instructions given to the jury because they failed to submit to the jury the facts of the case, as generally misleading and erroneous. *Sullivan v. B. Co.,* 88 Mo. 175 ; *Hopper v. Vance,* 27 Mo. 336 ; *Fargrieve v. City of Moberly,* 29 Mo. App. 141.

*I. M. Davidson* and *C. L. Keaton,* for the respondent.

The court did not err in refusing plaintiff's instructions. Plaintiff's first instruction was erroneous in assuming that defendant did not return plaintiff's horse to his stable. The plaintiff's second instruction is erroneous in withdrawing from the consideration of the jury plaintiff's contributory negligence. Plaintiff's third instruction is erroneous in imposing the duty on

defendant of ringing the bell at the stable when the bell wire had been locked within by plaintiff's agents. Plaintiff's fourth and fifth instructions are erroneous in ignoring plaintiff's contributory negligence and requiring extraordinary care on the part of defendant to overcome plaintiff's negligence, and the court fully instructed the jury on the relative duties of plaintiff as a livery stable man and carrier and the defendant as a bailee for hire. *Root v. Car Co.* 28 Mo. App. 199; *Gleeson v. Mfg. Co.*, 94 Mo. 201; *Hurt v. Railroad*, 94 Mo. 256; *Brown v. Railroad*, 20 Mo. App. 222; *Stepp v. Railroad*, 85 Mo. 229.

ROMBAUER, P. J., delivered the opinion of the court.

The plaintiff, a livery stable keeper, in the town of Poplar Bluff, hired to the defendant a saddle horse, and claims that the same was lost through defendant's negligence. He thereupon brought this action for the recovery of its value. Upon the trial of the cause before a jury, verdict and judgment were rendered in favor of the defendant.

The plaintiff appealing assigns for error the rulings of the court upon the instructions.

The record recites that the evidence introduced tended to show the following facts :

"The plaintiff was the owner of a livery stable in the town of Poplar Bluff, situated on one of the main streets of said city, about four or five blocks from the plaintiff's residence, situated on another street.

The stable was, in the absence of plaintiff, in charge of a hired servant. Sometime in the day-time of the thirty-first of December, the defendant came to plaintiff's livery stable and hired from him a horse with a saddle and bridle, and did not return with said horse and saddle and bridle till the evening of that day about 6 : 30, p. m. On his arrival at plaintiff s stable he found

no one there to receive the same, and found the stable door closed and locked. He forgot to ring a bell placed above the stable and intended by the plaintiff to be used by customers to summon plaintiff or his employe to the stable ; the presence of which bell and the use for which it was intended being known to the defendant.

That when defendant tried the door and found it locked he did not perceive the wire which was usually attached to said bell, and it could not have been there without his coming in contact with it, in his efforts to open the door.

The bell was a large one and could he heard all over town, and could be rung by pulling a wire cord attached to the bell and hanging in front of the stable door.

The stable door consisted of double doors, two below and two above, opening out from the stable, and it was customary to have the upper doors always open so that when the stable was locked only the lower doors were locked. Some times when the upper doors were closed the wire cord attached to the bell would catch between the doors, and conceal that part of the wire passing in front of the upper doors. The upper doors were closed that night.

That defendant did not attempt to make an effort to find plaintiff or the boy employed at the stable, but tied the horse with care and security, the night being dark, in the street, to an upright post or pillar supporting a wooden frame awning above the stable door extending across the sidewalk about six feet from the door and in front of it, and left him there. That the horse disappeared from some unexplained cause and was wholly lost to the plaintiff and was worth one hundred dollars.

The plaintiff asked five instructions which the court refused to give. Four of these, being numbered 1, 2, 4 and 5, in record stated in general terms that the defendant, as a bailee for hire, was bound to use ordinary care,

to return the horse entrusted to him, and if he failed in that duty the plaintiff was entitled to recover for any loss which he suffered thereby. One of these instructions defined ordinary care as one which is usually exercised under like circumstances by men of ordinary prudence. Another told the jury that in determining whether the defendant used such ordinary care, the jury might take into consideration the surrounding circumstances, character and value of the property, and its liability of being stolen or taken away.

There could be no valid objection to these instructions, and their refusal was error, unless the propositions therein stated were embodied in some other instructions given by the court. The court of its own motion gave an instruction, numbered 9 in the record, which tells the jury that the defendant was liable, if the plaintiff suffered loss by his negligent action in failing to return the horse. This instruction, however, fails to inform the jury as to the degree of care to which the plaintiff was bound, and also fails to inform them what elements they might take into consideration in determining whether the defendant did exercise such care. Hence the instruction thus given was in no sense a proper substitution for the plaintiff's refused instructions.

Upon the defendant's request, the court gave the following instructions :

"The court instructs the jury that if they believe from the evidence the defendant hired the horse described in plaintiff's statement from the plaintiff and used him reasonably and returned him to the plaintiff in due time on his return, then the jury should find for the defendant."

"The court further instructs the jury that it is the duty of plaintiff to keep his stable and place of business open at all reasonable hours for the letting and return of his horses, and if the jury believe from the evidence in

this case that the plaintiff failed to keep his stable open at all reasonable hours, and that plaintiff's failure to keep his said stable open at the time contributed to the loss of his said horse, the jury should find for the defendant."

Both of these instructions are erroneous. The first because it assumes that the defendant returned the the horse, of which there is no evidence in the record, and the second, because it assumes that the plaintiff was under a legal duty to keep his place open during all reasonable hours, and could not recover if a failure to keep his stable open contributed to the loss, neither of which propositions is correct without qualifications.

The instructions given by the court of its own motion, and numbered 11, 12 and 13 in the record, are equally erroneous. They are objectionable in the first place as being comments upon the evidence and argument. *Chouquette v. Barada*, 28 Mo. 491; *Anderson v. Kincheloe*, 30 Mo. 520; *Finn v. Public Schools*, 39 Mo. 59, 67; *Rose v. Spies*, 44 Mo. 20; *Jones v. Jones*, 57 Mo. 138. They are further objectionable in telling the jury that certain facts, if found by them, will amount to such negligence on the part of the plaintiff or the defendant as to debar or justify a recovery, a question which, under the facts of this case, is to be passed upon by the jury and not by the court.

It results that the court erred in its instructions to the jury, to plaintiff's prejudice, and that for such error the judgment must be reversed. Reversed and remanded. All concur.