## JOSEPH WEIGLE, Appellant, v. WILLIAM M. ROGERS, Respondent.

### Springfield Court of Appeals, June 19, 1919.

1. **LANDLORD AND TENANT:** ''Sublease:'' ''Assignment.'' In a "sublease" proper, the sublessor retains some right or interest in the premises leased; while in an "asignment" proper, the assignor parts with all his interest whatever in the property demised.

2. ————: **Assignments: Effect.** A lessee's assignment of his entire interest does not create privity of contract between the lessor and assignee, even if the lessor assents to the assignment and accepts the assignee as his tenant.

3. ————: ————: ————. An assignment by a lessee of his entire interest in the demised premises creates privity of estate, if the landlord expressly or impliedly assent to the assignment.

4. ————: ————: ————. Since, in case of an assignment by a lessee, the relationship between the landlord and assignee is by privity of estate, instead of contract, only such covenants in the original lease as run with the land are binding.

5. ————: **Agreement to Drain: Assignment.** An agreement by a lessor of farm land to drain the same is one that inures to an assignee of the leasehold or runs with the land, since it is vital to enjoyment and use of the premises; so, where the lessor failed to carry out his agreement and the assignee was damaged, the assignee may, the assignment having been recognized, recover.

6. ————: **Landlord's Consent: Waiver: Assignment.** Revised Statutes 1909, section 7880, providing that a lease for less than two years cannot be assigned or transferred without the written assent of the landlord, is for the benefit of the landlord and may be waived by him.

7. ————: **Assignment: Ratification.** As Revised Statutes 1909, section 7880, providing that a lease for less than two years cannot be assigned or transferred without the written assent of the landlord, may be waived, a landlord who sued the assignee of such a lease must be deemed to have assented to the assignment, where the petition set up and relied on the assignment, for the landlord might have asserted the remedy of ouster given by section 7881, or he might, under section 7900, have sued both the lessee and assignee jointly.

Appeal from New Madrid County Circuit Court.—*Hon. Sterling H. McCarty*, Judge.

AFFIRMED.

*Riley & Riley* for appellant.

*George H. Hraylor* for respondent.

BRADLEY, J.—This is a suit by attachment instituted by a landlord against a subtenant or assignee of the original lessee under the provisions of the Landlord and Tenant Statutes, sections 7896 and 7900, Revised Statutes 1909. A plea in abatement was filed, but later withdrawn, and the attachment sustained. This suit is on the merits. The petition charges that the plaintiff herein leased certain lands in New Madrid county for the year 1917 to one, L. F. LaFont for $346.25; that LaFont assigned or subleased the premises to the defendant, Rogers; that Rogers entered upon the lands, planted, cultivated and harvested the crops grown thereon during the year 1917. The answer admits that defendant subleased from LaFont for the year 1917 and denies generally the other allegations. And for a further defense, defendant interposed a counterclaim in which he avers that plaintiff agreed to dig a ditch across said lands, failed to comply with this agreement, and that by reason of plaintiff's failure to dig said ditch, defendant lost about forty acres of his crop from rainwater; that he was damaged by reason of plaintiff's failure to dig the ditch in the sum of $1680. The reply denied generally the new matter.

The cause was tried before the court and a jury and resulted in a verdict in favor of plaintiff in the sum of $271.25 on his demand for rent (plaintiff had collected $75 on the rent) and in favor of defendant on his counterclaim in the sum of $246.25; and for the plaintiff on the whole case in the sum of $25, the difference between the verdict for the plaintiff on his de-

mand and for defendant on his counterclaim. On this verdict judgment was rendered in favor of plaintiff in the sum of $25. Unsuccessful in obtaining a new trial in the court below plaintiff prosecutes this appeal.

There is no controversy about plaintiff leasing to LaFont in the first instance, and LaFont assigning or subleasing to defendant; and there is no controversy about the consideration for the lease. The evidence offered by defendant tended to show that plaintiff agreed as part of the renting contract with LaFont that he, plaintiff, would dig a ditch on the premises in order to protect the crops during the year 1917, that by reason of the excessive rains during the crop season 1917, defendant's crops were partly drowned out and damaged; and that if a ditch had been dug as agreed that his crops would have been preserved. Plaintiff contended that he only agreed with LaFont that if he, LaFont, would find somebody to dig the ditch that he, plaintiff, would pay for it, and that he as no time obligated himself to have the ditch dug. There was some testimony to the contrary, however, and as the issues were submitted the jury found that plaintiff agreed with LaFont to dig the ditch.

The vital and decisive issue as we understand the record is whether defendant under the facts disclosed can in any event maintain his counterclaim. The leas· from plaintiff to LaFont was for the term of one year. Under section 7880, Revised Statutes 1909, it is provided that no tenant for a term not exceeding two years, or at will or by sufferance, shall assign or transfer his term or interest to another without the written assent of the landlord. It is not claimed that such assent, written or otherwise, except by ratification, was obtained by LaFont to assign or transfer the premises to the defendant.

Plaintiff urges that LaFont *subleased* to defendant while defendant urges that LaFont *assigned* to him. There is a distinction between a *sublease* and an *assignment*. This distinction, however, seems in some in-

stances to be more shadow than substance. It appears that in a sublease proper that the sublessor retains some *right* or *interest* in the premises subleased, while in an assignment proper, the assignor parts with all his interest of whatever kind or character. [St. J. & St. L. Ry. Co. v. St. L., I. M. & S. Ry. Co., 135 Mo. 1. c. 192, 36 S. W. 602.] It is pointed out in this case that if the sublessor passes the whole of his term or interest that it must be held to be an assignment, and that privity of estate is established, and the sublessee becomes bound by the covenants of the original lease irrespective of his intentions. Likewise the original lessor would be bound on any covenant running with the land. There is no contention that there is any privity of *contract* between plaintiff and defendant in the case at bar, as plaintiff made no contract with the defendant of any kind or character. If, however, the covenant to dig the ditch runs with the land and defendant obtained the whole interest of LaFont, whether it be called a sublease or an assignment, then there would be privity of estate between plaintiff and defendant if the sublease or assignment is valid.

LaFont, the lessee, did not sublease or assign to defendant until some time after the first of the year, and the sublease or assignment was oral; and the facts, therefore, are on all fours in that particular with Roth Tool Company v. Champ Spring Co., 93 Mo. App. 530, 67 S. W. 967, where it is pointed out that the effect of an assignment of an unexpired term of a lease is governed by certain rules of law, to-wit: (1) Such assignment does not create privity of contract between the lessor and assignee even if the lessor assents to the assignment and accepts the assignee as his tenant, and in support of this rule Board of Public Schools v. Insurance Co., 5 Mo. App. 91; Whetstone v. McCartney, 32 Mo. App. 430; Hynes v. Ecker, 34 Mo. App. 650; Tyler Estate v. Giesler, 74 Mo. App. 543, are cited. (2) Such assignment does create privity of estate if the landlord expressly or impliedly assent to the assignment.

(3) As the relationship between a landlord and an assignee is by privity of estate instead of contract, only such covenants in the original lease as run with the land are binding.

It must be conceded that LaFont parted with all the interest that he had in the leased premises and that in effect the transaction between him and defendant Rogers was an assignment; and if plaintiff has by his action waived the written assent required by the statute (Roth Tool Company v. Champ Spring Company, supra, 1. c. 537) then defendant has recourse on any breach of covenant running with the land in the original lease between plaintiff and LaFont. There is no doubt as to the covenant of the lessor to drain this land being one that inures to an assignee of the leasehold, or "runs with the land," since it "was vital to the enjoyment and use of the premises by the lessee." [Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 530, 542.]

Has plaintiff ratified the assignment of the lease to defendant? We think so. The lease of this land was for a term of less than two years and therefore could not be assigned or transferred to the defendant without the written assent of the landlord. [Section. 7880, R. S. 1909.] The next section, 7881, provides the landlord's remedy for a violation of this provision, to-wit, a re-entry by the landlord and ouster of the tenant and subtenant. This statute and remedy is, however, for the benefit of the landlord and is to be invoked by him and he may waive either the requirement of his written assent or the remedy of ouster and may expressly or impliedly assent to the assignment, in which case a privity of estate between the landlord and the assignee or subtenant is created. [Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 530, 542, and cases cited.] If the landlord expressly or impliedly assents to the assignment of the lease than there is a privity of estate and any covenant made by the landlord which runs with the land, as does the agreement to drain

this land, inures to the benefit of the assignee or sub-tenant. "And when the assignee is bound to the lessor on a covenat (such as to pay rent) he is entitled to the benefit of the covenant (to drain the land) as against the lessor."

That the landlord, this plaintiff, has expressly or impliedly assented to or ratified the assignment of the lease to defendant and has, and does by this suit, adopt and recognize the assignment as valid, is answered in the affirmative by the pleadings; for plaintiff by his petition alleges that he leased the premises to LaFont and that subsequently LaFont "assigned said lease or subleased said premises to the defendant," who planted crops thereon, etc. This assignment of the lease or subletting of the premises to defendant is the basis of plaintiff's right to hold defendant for the rent contracted to be paid by LaFont. It needs no citation of authorities to hold that plaintiff is bound by his own pleadings.

Nor is this an inadvertent or unnecessary allega-tion of the petition. The plaintiff as landlord had his choice of remedies either by ouster under section 7881 for the wrongful attempt to assign this short term lease without the landlord's consent or by ratifying the same to hold the assignee or subtenant for the rent due from the original lessee. This last named right and remedy is given by section 7900, Revised Statutes 1909, allowing the landlord to recover the rent from the lessee or *his assignee or subtenant.* To so recover the rent, however, the landlord must allege and prove that the third person sued is an assignee or subtenant of his lessee and by so doing he necessarily ratifies the assignment. The landlord may of course refuse to recognize the assignment because made without his consent and may hold the lessee on his contract. But to hold a third person as here he can do so only on the theory that he is an assignee or substenant and has stepped into the shoes of the lessee. The landlord cannot receive the benefits of the assignment of the

lease by holding the assignee for the contract rent and repudiate the burdens cast on him by the covenants of the assigned lease.

This is made plain by section 7900, Revised Statutes 1909, which allows the landlord to sue the lessee and his sublessee jointly, as plaintiff might have done here, but to do so he must have alleged that the original tenant had sublet the premises to the other defendant and thereby recognized the subletting. In such suit against the tenant and subtenant for the rent there is no doubt but that the original tenant could have counterclaimed for damages for failure of the landlord to drain this land as he had agreed. Certainly in a suit for a joint judgment against both for the contract rent this counterclaim could not be allowed in favor of the lessee and denied to his assignee who stepped into his shoes. Nor can plaintiff be allowed to circumvent his liability in this respect by chosing to sue the sustenant only.

It appears, therefore, that defendant is entitled to have set off against the rent sued for the damages accruing to him for plaintiff's failure to drain the land in question. The judgment herein is correct and is affirmed. *Sturgis, P. J.,* and *Farrington, J.,* concur.