## G. A. DEMERIS v. W. R. THOMPSON.

Springfield Court of Appeals, December 7, 1923.

1. **LANDLORD AND TENANT:** Lessor Could Orally Waive Provision Requiring His Written Consent to Subletting. Provision of lease prohibiting lessee from subletting premises without written con-

sent of lessor could be orally waived without violating the Statute of Frauds.

2. **APPELLATE PRACTICE: Judgment not Sustained on Theory Other Than That Pleaded and Proved.** In lessor's action on bond conditioned for payment of rent, the defendants, having proved that the lessor orally waived compliance with provision of lease prohibiting lessee from subletting premises without written consent of lessor, could not sustain judgment in their favor, on theory that lessor had agreed to give his written consent.

3. **ACTION: Continuing.** An action can be brought from time to time on an installment bond conditioned for the payment of monthly rent under a lease.

Appeal from the Circuit Court of Jasper County.—*Hon. Grant Emerson, Judge.*

REVERSED AND REMANDED (*with directions*).

*John J. Wolfe* for appellant.

*Owen & Davis* for respondents.

FARRINGTON, J.—This is a suit against the defendants who were the obligors in a bond conditioned for the payment of rent. The case was tried by a jury, and under the instructions of the court the jury found the issues for the defendants.

The answer admitted the execution of the bond and admitted the breach thereof, but sought to justify the breach on the ground that the plaintiff was estopped from enforcing it.

Briefly to the facts, the plaintiff, owner of a building, rented a room to defendant W. R. Thompson for a barber-shop. The lease contained a provision that the lessee could not sublet the room without the written consent of the lessor. The lessee pleads and makes proof that after he had rented the room for a certain length

of time he had an opportunity to better his condition by renting a room for his barber-shop several doors away, and states that he went to the landlord and explained to him what he would like to do, and further told him that he could not make the move, owing to the expense and etc., unless he could rent the room he was then occupying and that unless the plaintiff would waive the provision in the lease requiring written consent to sublet, he could not make the move. He alleges, and his evidence is to the effect that the lessor consented to waive that provision of the lease, and acting on that, under the eyes and knowledge of the lessor, he made the move into the new place.

The bond herein sued on was executed to stand in lieu of the lien held by the lessor on the furniture and fixtures owned by the defendant in his shop, and the bond provided that the defendant would pay the rent as provided in the lease.

There is a conflict of testimony, but sufficient evidence upon which it could be found that the plaintiff did orally agree to not insist upon the written provision of his lease requiring written consent in case of subletting. The facts further developed in the evidence for the defendant that after making the move and giving this bond and paying the rent for some two months thereafter, he procured a tenant to take the room which he had formerly occupied. That such prospective tenant, before agreeing to sublease the room, made a requirement that defendant procure from the plaintiff a *written* (italics) waiver of the provision in the lease providing for the written consent of the landlord; and the defense to the payment of the rent and payment of the bond, which is conditioned for the payment of the rent, is that the plaintiff refused to comply with the request of the proposed sub-tenant and therefore refused to 'give his written waiver of the provision of the lease, which defeated defendant in procuring a sub-tenant for the room. The briefs in this case deal largely with the question,

whether such provision is a rease could be orally waived in the face of the Statute of Frauds. We are inclined to think that it is a provision that could be orally waived without violating the statute. [See Weigle v. Rogers, 202 Mo. App. 520, 213 S. W. 501; Roth Tool Co. v. Champ Spring Co., 93 Mo. App. 530, 67 S. W. 967; See, also, 24 Cyc. (under Landlord and Tenant) 965.]

As we view this case, however, the defendant neither in his answer nor in his evidence sets up a legal defense to plaintiff's cause of action. While he pleads and testified that the plaintiff agreed orally to waive the provision against subletting without written consent, as provided in the lease, he neither pleads nor does his evidence show, that he agreed to make such waiver in writing. The defendant finds himself in the position of insisting that the provision of the lease requiring the written consent may be waived orally and testifies that it was waived orally, and yet when he comes for recovery he places the right to recover against this plaintiff on the ground that having made the oral waiver he, the plaintiff, would not then follow up and make that oral waiver written because some prospective tenant of the defendant required that he procure such written waiver from plaintiff before he would rent. To place liability on that ground would be requiring this court to go farther than plaintiff's pleadings or testimony goes, and to find that a contract existed between these parties to do a certain thing in writing concerning which would be no evidence to sustain it.

Defendants' instruction placed liability squarely on the refusal of plaintiff to consent in writing to the subletting or subrenting when there was nothing in the answer or in the evidence to justify the submission of such question. Granting that plaintiff's evidence showed that the provision was waived orally by the defendant, he could not recover legally off of plaintiff for failing to do a thing which he had not agreed to. While withholding a written waiver might have tended to deter the

defendant's proposed sublessee, yet if the plaintiff had waived the provision the remedy of the lessee was to place his sub-tenant in possession and then stand behind him, armed with his oral waiver, should plaintiff undertake to interfere with his possession. The defendant ought not recover off the plaintiff because perchance his proposed sub-tenant was overly cautious and required him to get a written consent from the plaintiff, which he himself does not testify was a requirement to be performed by the plaintiff.

Some point is made that a former suit had been brought for prior installments of rent, and that to permit this suit would be splitting the cause of action. No authorities are cited, in fact none can be cited, to sustain the proposition that suit cannot be brought from time to time on an installment bond such as this bond indemnifying the obligee for payment of the monthly rent under the lease. The judgment, therefore, must be reversed and the cause remanded with directions to the trial court to enter judgment for the plaintiff for the amount sued for. *Cox, P. J.,* and *Bradley, J.,* concur.