**66 TERMINAL, INC. d/b/a St. Louis Truck Port, Plaintiff-Respondent,**

v.

**W. E. ROBERTS, Defendant-Appellant.**

No. 33463.

St. Louis Court of Appeals.

Missouri.

Dec. 16, 1969.

Garnholz, Roesel & Scher, Isadore Scher, Clayton, for defendant-appellant.

Ziercher, Tzinberg, Human & Michenfelder, Richard A. Roth, Clayton, Lee Young, Union, for plaintiff-respondent.

SMITH, Commissioner.

Plaintiff-respondent was awarded a summary judgment on its petition for ejectment against defendant-appellant. This appeal followed. We affirm.

Midwest Petroleum Company (Midwest) entered into a commercial lease with Harry Halsey (Halsey) on August 1, 1961, covering certain real estate in St. Louis County, plus improvements thereon "consisting of service station, with second floor sleeping rooms, and restaurant now under construction." The term of the lease was five years commencing November 1, 1961, and provided an option in lessee to renew for five additional years at the same rental, terms and conditions. The lease contained a printed provision that it could not be assigned and the premises could not be sublet without written consent of the lessor. It also contained a typewritten provision, "Lessor hereby consents to the subletting of the restaurant portion of the demised premises by Lessee to W. E. Roberts."

On December 20, 1961, Halsey and Roberts, (defendant herein), executed a document entitled "Sublease." That document leased to defendant a "portion of said premises [under the commercial lease] comprising the present restaurant portion thereof approximately 65 feet by approximately 42 feet in dimensions including therewith the right to utilize such portions of the whole tract for customer parking and delivery parking as is reasonable * * *." The sublease term was to commence January 1, 1962, and to "continue for and during the term of the said com-

mercial lease, terminating October 31, 1966." The sublease contained an option to renew provision in the following terms: "The sublessor hereby grants to the sublessee the right and option, if the sublessor should exercise his option to renew the said commercial lease to renew this sublease for an additional term of five years at the same rental terms and conditions of this sublease; * * *."

The execution of both the commercial lease and the sublease were admitted by defendant's answer. Plaintiff alleged and defendant admitted by his answer, that Halsey assigned the commercial lease to Midwest in November, 1962, and Midwest notified defendant of this assignment. Plaintiff acquired the property covered by the commercial lease from Midwest in April, 1966, by deed, a fact also admitted in defendant's answer. On October 7, 1966, defendant purported to exercise his option under the commercial lease and the sublease. It was established by plaintiff's uncontroverted affidavit that by letter from its attorney, dated October 14, 1966, plaintiff advised defendant that his sublease expired October 31, 1966, and that no option to renew existed. On October 27, 1967, plaintiff served on defendant a notice of termination of month to month tenancy and demand that defendant vacate the premises on or before December 1, 1967. Defendant did not vacate and this suit followed. Plaintiff's motion for summary judgment was granted; judgment was entered giving plaintiff possession of the premises and nominal damages of $1 and costs.

Plaintiff has moved to dismiss the appeal for failure to comply with Rules 83.05(a) and (e) V.A.M.R. This motion has much to commend it, for defendant's brief is, at best, a borderline compliance with the Rules. We do prefer to dispose of appeals on the merits, where possible, and here we can determine, with some effort, defendant's theory. The motion to dismiss is therefore denied.

Defendant's points and authorities are thirteen in number but they raise only two questions worded in a variety of ways. One is that the court erroneously determined that no material facts were in dispute. Of course, summary judgment may not be granted if there are material facts in dispute, and the burden of showing no such dispute is upon the party moving for the summary judgment. Nelson v. Browning, Mo., 391 S.W.2d 873. On the other hand, merely saying material facts are in dispute does not mean they are. The only "facts" charged to be in dispute here are the differing opinions of the parties of the legal effect of the documents which determine their respective rights. It was admitted that both leases were executed, that Halsey assigned his original lease back to Midwest, that Midwest transferred the fee to plaintiff who acquired all the rights of the lessor, that plaintiff notified defendant to vacate, and that defendant has not done so. Whether plaintiff is entitled to possession is dependent solely on a determination of law, whether defendant had a right to renew under the leases. No material fact is in dispute.

This brings us to defendant's other contention, that the sublease was not really a sublease but an assignment of all of Halsey's interest in the premises covered by the sublease. This, defendant asserts, brings him within the principle of law enunciated in First Trust Co. v. Downs, Mo.App., 230 S.W.2d 770, that:

"The benefit of a clause in a lease conferring the option to extend or renew, passes by assignment of the lease and the assignee acquires the rights of the lessee, although there is no express reference in the assignment to the covenant of renewal. On the other hand, a sublessee is not entitled to take advantage of a right of renewal given to the original lessee, but his rights to a renewal or extension depends on the covenant or agreement in his lease." (l. c. 774).

■ The test applied as to whether a sublease or an assignment has been given is that in a sublease the sublessor retains some right or interest in the premises leased while in an assignment he parts with all his interest of whatever kind or character. Weigle v. Rogers, 202 Mo.App. 520, 213 S.W. 501 [1]; First Trust Co. v. Downs, *supra*, [3]. We find it unnecessary here to determine whether Halsey retained some interest in the premises covered by the sublease for we hold the principle enunciated in *First Trust* has no application to this case. That case involved a situation where the original lease provided for an option to the lessee to renew, but the sublease did not include such option. The distinction between assignment or sublease became important because no express provision covering renewal was contained in the document under which sublessee claimed. The sublessee's rights were therefore determined by whether the provisions concerning renewal in the original lease could be read into the sublease.

■ Here the commercial lease to Halsey provided that it could not be assigned nor the premises sublet except upon the written consent of lessor endorsed upon the lease. The written consent endorsed upon the lease was to the "subletting of the restaurant portion of the demised premises by Lessee to W. E. Roberts." If defendant and Halsey purported to assign rather than sublet, their action could in no way bind the lessor without its consent which was not given as required by the commercial lease. Furthermore, the document executed by Halsey and defendant provides exactly what the circumstances giving defendant a right to renew are, and defendant is bound by that document. Under the sublease defendant had the right to renew the sublease, if and only if, the sublessor renewed his option under the commercial lease. This sublessor did not do. Unlike the *First Trust* case, the document under which defendant claims is not silent on renewal and it is clear that all parties, defendant included, intended that defendant's right of renewal be dependent on his sublessor exercising his option to renew.

The court properly entered summary judgment and that judgment is affirmed.

PER CURIAM.

The foregoing opinion by SMITH, C., is adopted as the opinion of this Court. Accordingly, the judgment is affirmed.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.