**PACKET DAIRY, INC.,
Plaintiff-Respondent,**

v.

**ZIEGLER'S SUPER MARKET, INC.,
Defendant-Appellant.**

No. 48009.

Missouri Court of Appeals,
Eastern District,
Division Seven.

Sept. 11, 1984.

Robert L. Brown, Arnold, for defendant-appellant.

Stuart Ivan Pessin, Belleville, Ill., for plaintiff-respondent.

BRUCE NORMILE, Special Judge.

Defendant Ziegler's Super Market, Inc., appeals from a summary judgment granted plaintiff Packet Dairy, Inc. in the amount of $6549.95 for the sale and delivery of dairy products. Appellant asserts that there are factual issues which should have been resolved by a jury.

Rule 74.04(c) V.A.M.R. provides that summary judgment "... shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.". Summary judgment may not be granted if there are material facts in dispute. However, it will not be precluded if the only facts charged to be in dispute are the differing opinions of the parties as to the legal effect of an ascertained state of facts. See *66 Terminal, Inc. v. Roberts,* 448 S.W.2d 938, (Mo.App. 1969).

In this case there is no dispute as to the following facts. Packet Dairy has been doing business with Ziegler's Super Market for over twenty years. On a weekly basis Ziegler's employees ordered milk products from Packet Dairy and these products were routinely delivered to Zieglers store. Upon delivery Ziegler's employees signed delivery receipts; and weekly statements were sent to Ziegler's for the products. All Statements, Credit Memoranda, computer print-outs and Order Delivery Form Invoices were in Ziegler's name under an individual account number. The present undisputed and unpaid balance of the account is $6,549.95.

It is also undisputed that prior to March 6, 1976 Ziegler's paid Packet Dairy directly for the milk products delivered to it. However, subsequent to March 6, 1976, although there was no substantive change in the procedure or documentation of the dairy product sales, Zieglers made payment of plaintiffs charges to a central billing agency, Independent Supers, Inc. which then made payment over to plaintiff. Defendant and several other retail stores had created Independent Supers, Inc. to act for them as a purchasing agent in order to obtain discounts on bulk purchases. During the period in question Independent Supers was the billing agent for seven retail stores who were plaintiffs customers.

Leo F. Ziegler, Jr., Vice-President of defendant Ziegler's, was also President-Treasurer of Independent Supers, Inc. Mr. Ziegler testified by deposition that Independent Supers, Inc. was engaged in the business of "central billing for member stores and that the agency allowed the individual member stores to negotiate lower prices than they could individually." Mr. Ziegler further testified that neither Independent Supers, Inc. nor its individual member stores acted as guarantors for the debts of

an individual member store, and that it was the responsibility of each member store to pay its own bills. Mr. Ziegler testified that Independent Supers, Inc. was not a distributor, and that it did not order dairy products from plaintiff or deliver them to defendant.

It is also undisputed that defendant did make payment of the $6,549.95 in issue to Independent Supers, Inc. However, Independent Supers, Inc. failed to make payment over to plaintiff and thereafter went into bankruptcy. Subsequently, defendant refused plaintiff's demands for payment of the account, asserting its prior payment to Independent Supers, Inc.

■■■ Upon these undisputed facts and the documents in the case it is clear that defendant purchased milk products from plaintiff at an undisputed and unpaid price. It is clear that Independent Supers, Inc. was defendant's agent for the purpose of obtaining discounts on milk products and forwarding payment of the accounts. However, the fact that a principal turned sufficient funds over to its agent to pay the claims of a third party does not release the principal from liability on such claims if the agent fails to satisfy them. 3 C.J.S., Agency, Sec 420; Section 183, Restatement of Agency 2d; *Southern Pacific Transportation Company v. Continental Shippers,* 642 F.2d 236 (8th Cir.1981). Thus defendant's payment to its own agent did not discharge its obligation to plaintiff or excuse payment of its account. Summary judgment was therefore appropriate.

The judgment of the trial court is affirmed.

E. RICHARD WEBBER, Special Judge, and CRIST, P.J., concur.