MICHELSON REALTY COMPANY, a Corporation, Agent for 230 S. Bemiston Associates, Plaintiff,

v.

CURTIS, BAMBURG & CROSSEN, a Partnership, Successors, Defendant/Third Party Plaintiff/Respondent,

v.

ANDERSON & PREUSS, Third Party Defendant/Appellant.

No. 61357.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 23, 1993.

Rehearing Denied March 31, 1993.

Gerald Warren, Clayton, for third party defendant/appellant.

J. Patrick Chassaing, Dwight E. Cole, Curtis, Oetting, Heinz, Garrett, & Soule, P.C., Clayton, for defendant/third party plaintiff/respondent.

SMITH, Judge.

Third party defendant, Anderson and Pruess (Anderson), appeals from the judgment of the court in a court-tried case involving a sub-lease of commercial office space. In January 1983, third party plaintiff Curtis, Bamberg and Crossen (Curtis) leased office space from 230 S. Bemiston Associates on the fourth floor of the Two Thirty Building. The lease was for five years. In April 1987, Curtis and Anderson entered into an Agreement to Sublease a portion of the space with a right of first refusal to the remainder of the space. Both Curtis and Anderson are law firms. Landlord consented to the sublease in the following language:

230 S. Bemiston Associates hereby consents to the foregoing sublease with the understanding that neither this consent of anything herein contained, nor any action on its part in the future dealing directly with the Sublessee shall operate to release the Sublessor from said lease or to modify said lease in any respect.

In May 1988, Michelson Realty Co., as agent for 230 S. Bemiston Associates, sued Curtis for certain payments required under the lease. Curtis in turn filed its third party action against Anderson claiming that whatever payments were due to the landlord from Curtis were in turn due from Anderson to Curtis. Specifically, Michelson's action sought to recover from Curtis its pro-rata share of operating expenses for the building in excess of those for the base year of 1982 and for electricity utilized in the leased space. Both of these charges were provided for in the original lease between 230 S. Bemiston Associates and Curtis, and neither had been paid by Anderson to the landlord or to Curtis.

The sublease agreement provided for a larger per square foot rental amount than the original lease. It further provided "Operating expenses—Sublessee further agrees to pay to Sublessor, Sublessor's pro rata share of increases in Building Operating Expenses starting with year 1987". The trial court included in its judgment a total of $6158 for the operating expenses and no question is raised as to the accuracy of that figure. The sublease is silent concerning the electricity charges referred to in the original lease. The trial court allowed $2692 for the electricity charges. It further allowed $4940 in attorney's fees. The sublease is silent concerning attorney's fees. The original lease provided "All of the remedies herein are accumulative, and given without impairing any other rights or remedies of LESSOR, and LESSEE shall pay and discharge all costs, expenses and attorney's fees that shall arise from enforc-

ing the covenants and conditions of this lease by LESSOR."

Anderson contends that the charges forming the basis of the judgment were not required to be paid by it under the sublease and therefore the judgment was erroneous. Curtis asserts that the sublease was not in fact a sublease but rather an assignment of all its interest in the leased premises and therefore Anderson is bound by the terms of the original lease. In addition it contends that Anderson assumed such charges by virtue of language in the sublease. That language reads:

> Sublessee understands, agrees and accepts terms and conditions of the basic lease as indicated in the attached Exhibit "B" and made a part thereof, between 230 S. Bemiston Associates, as Landlord, and Thomas B. Curtis, Leland B. Curtis, Thomas E. Allen, and Lawrence J. Altman, as Tenant, dated January 1, 1985 and ending June 30, 1988."[1]

It is unnecessary for us to devote any discussion to the operating expense charges for the sublease specifically obligates Anderson to payment of those charges.

■ The test in Missouri as to whether a sublease or an assignment has been given is that in a sublease the sublessor retains some right or interest in the premises leased while in an assignment he parts with all his interest of whatever kind or character. *66 Terminal, Inc. v. Roberts,* 448 S.W.2d 938 (Mo.App.1969) [3]; *Mutual Drug Co. v. Sewall,* 353 Mo. 375, 182 S.W.2d 575 (Mo.1944) 1.c. 578. The original lease here provided "This lease is not assignable by LESSEE, nor shall said leased premises or any part thereof be sublet, used or permitted which consent shall not be unreasonably withheld (sic) to be used for any purpose other than above set forth without the written consent of the LESSOR endorsed hereon; ... " It is at least arguable that the first seven words of this provision prohibit any assignment by the lessee at all even with consent of the les-

sor. However, it is clear that no assignment can be effectuated without the consent of the lessor. The consent of the lessor here was to a "sublease" not to an assignment and the landlord made clear in that consent that it was still looking to Curtis to comply with the terms of the lease. *See, 66 Terminal Inc., supra* at [4]. The agreement to sublease did not divest Curtis of all its interest in the leased premises. It specifically contained a right of first refusal to adjoining space which was included in its lease with landlord and in which it retained an interest. Further, the agreement to sublease prohibits the subleasing of the premises without the consent of Curtis. That is not language which indicates a divestiture of all interest in the leased premises but rather indicates a continued interest. We do not find an assignment of the lease.

■ Nor are we able to interpret the generalized language quoted above as constituting an assumption of the terms of the lease concerning electricity charges and attorney's fees. As to the terms of the lease involving the charges to Anderson for leasing the space the agreement to sublease is quite specific. It increases the amount of rent above that provided for in the original lease. It further specifically provides for payment of the pro-rata operating expense. That provision is unnecessary if the catchall provision was intended to obligate Anderson to all of the charges set forth in the original lease. It is strange that the catchall would be utilized to obligate Anderson to pay the electricity but that a specific provision was deemed necessary to obligate Anderson to pay the operating expenses. The terms utilized in the catchall do not on their face convey the idea of assuming financial obligations of the original lease. "Understands, agrees and accepts" terms and conditions of the lease does not state or imply "assumption" of the financial payments required by the lease particularly when two of the three payment obligations were specifically ad-

---

**1.** No dispute exists that the basic lease is the one executed in 1983 and is the only one which is part of the record before us. There may have been another lease executed in 1985 but that is not before us and no claim is made that it differs from the 1983 lease.

dressed in the agreement to sublease. This was an agreement between two law firms and we would presume that both parties were aware of the meaning of the word "assume" and would have utilized that term if it had been intended. We are unable to conclude that the language utilized was intended to impose the payment for electricity on the Anderson firm and the trial court erred in awarding that amount.

The sublease does not contain authority for awarding attorney's fees against Anderson. In the absence of language allowing such an award the court erred in making the award.

The judgment of the trial court is amended to provide for judgment against third party defendant and in favor of third party plaintiff in the amount of $6158.35 and as amended is affirmed.

GARY M. GAERTNER, P.J., and CRANDALL, J., concur.