**MEGARGEL WILLBRAND & COMPANY, LLC, Plaintiff/Appellant,**

v.

**FAMPAT LIMITED PARTNERSHIP, Defendant/Respondent,**

and

**Union Planters Bank, Defendant.**

No. ED 86570.

Missouri Court of Appeals, Eastern District, Division Three.

April 11, 2006.

Rehearing Denied June 20, 2006.

Joel D. Brett, John R. Hamill III, Barklage, Brett, Martin, Wibbenmeyer & Hamill, P.C., St. Charles, MO, for appellant.

James A. Borchers, Stuhler & Borchers, P.C., St. Charles, MO, for respondent.

David G. Wasinger, Murphy Wasinger, L.C., St. Louis, MO, for defendant.

KATHIANNE KNAUP CRANE, Presiding Judge.

This appeal raises the question of whether a clause in a lease prohibiting the assignment of the lease without the consent of the lessor also prohibits the assignment, without consent, of a right of first refusal to purchase the leased premises contained in the lease. We hold that it does, and we affirm the trial court's entry of summary judgment in the lessor's favor.

Defendant, FAMPAT Limited Partnership ("Landlord")[1], was the owner of real property in the City of St. Charles (the property). The other defendant, Union Planters Bank (Tenant), was the sole tenant of the property as a successor in interest to Landmark Bank of St. Charles County under a twenty-year lease, originally dated November 3, 1987 (the lease). Section 1.04 of the lease granted Tenant a right of first refusal, in the following language:

> During the Initial Term and any Extension Period, in the event Landlord desires to sell, and has received a bona fide offer to purchase, the leased premises, Landlord shall give to Tenant a copy of such bona fide offer together with an offer in writing (the "Offer") to sell the leased premises to Tenant on the same terms and conditions contained in such bona fide offer. Tenant shall have fifteen (15) days in which to accept the Offer. If Tenant fails to accept the Offer within such fifteen (15) day period or rejects the Offer, the Offer shall terminate and Landlord may sell the leased premises to the third party making the bona fide offer on economic terms no more favorable to such third party than were contained in such bona fide offer.

> If Landlord fails to consummate the sale of the leased premises to such third party, the rights granted to Tenant herein shall continue in full force and effect as to subsequent bona fide offers to purchase the leased premises received by Landlord. If such sale is consummated, the rights granted to Tenant herein shall continue in full force and effect as to subsequent bona fide offers to purchase the leased premises that are received by the new landlord.

Article XI of the lease governed assignment and subletting. Section 11.01 provided, in part: "Tenant shall not assign this Lease without first obtaining the written consent of Landlord, which consent shall not be unreasonably withheld." Section 11.03 allowed subletting: "Tenant shall have the unlimited right to sublet the leased premises at any time during the term hereof, and from time to time, all or any portion of the leased premises for any lawful purpose without the necessity of obtaining Landlord's consent therefore."

Tenant subsequently subleased a portion of the property to plaintiff, Megargel Willbrand & Co., LLC (Sublessee). A document entitled "Additional Provisions to Sublease" was attached to the sublease. Paragraph 13 of these additional provisions purported to assign Tenant's rights to sublessee:

> [Tenant] assigns all of its rights under the right of first refusal to purchase the building to the Sublessee as described in Section 1.04 of the original lease agreement dated November 3, 1987 between East Star and Landmark Bank of St. Charles County. Any fees incurred in exercising the rights are to be borne by the Sublessee.

---

1. In this opinion, we refer to the parties as they identified themselves in the lease.

On November 19, 2004, Landlord notified Tenant that it had received a bona fide offer to purchase the property, which notice gave tenant fifteen days to exercise its right of first refusal. Tenant did not exercise its right of first refusal under the lease. Rather, it notified Sublessee of the offer and the opportunity to exercise the right of first refusal. On December 1, 2004, Sublessee notified Landlord that it was exercising the right of first refusal pursuant to the sublease. Landlord refused to accept or honor Sublessee's notice of intent to exercise the right of first refusal.

Sublessee then filed a petition for declaratory judgment against Landlord and Tenant seeking a declaration that the right of first refusal in the lease was valid and assignable, that Tenant had made a valid assignment of its right of first refusal to Sublessee, and that Sublessee could exercise that right. Landlord filed a motion for summary judgment, which the trial court granted.

## DISCUSSION

### I. *Compliance with Rules*

Before we address the merits of this appeal, we address both parties' violations of the Missouri Rules of Civil Procedure. Sublessee has violated Rule 84.04(d), and Landlord has violated Rule 74.04(c).

#### A. *Rule 84.04(d)*

■ Neither of Sublessee's points relied on follows the required format of, or substantively complies with, Rule 84.04(d). "Rule 84.04(d) requires that a point relied on contain the following three components: (1) a concise statement of the challenged ruling of the trial court, (2) the rule of law which the trial court should have applied, and (3) the evidentiary basis upon which the asserted rule is applicable." *Zakibe v. Ahrens & McCarron, Inc.*, 28 S.W.3d 373,

388 (Mo.App.2000). It directs that a point relied on substantially follow the following format:

> The trial court erred in *[identify the challenged ruling or action]*, because *[state the legal reasons for the claim of reversible error]*, in that *[explain why the legal reasons, in the context of the case, support the claim of reversible error]*.

Rule 84.04(d)(1)(C). The requirements of this rule are mandatory. *Zakibe*, 28 S.W.3d at 388. A point that merely states what the alleged error is without stating why it is error does not satisfy Rule 84.04(d) and does not preserve the question for review. *Id.*

■ Sublessee's second point does not set forth the legal reasons for the claim of error. Neither of Sublessee's points explains why those legal reasons support the claim of error. *See Young v. Ernst*, 113 S.W.3d 695, 696–97 (Mo.App.2003); *Lemay v. Hardin*, 108 S.W.3d 705, 708–09 (Mo.App.2003). This failure can justify dismissal of the appeal, *Young*, 113 S.W.3d at 697, and we do not condone Sublessee's violation of this rule. However, given the important question raised by this appeal, we will *ex gratia* review the appeal on the merits.

#### B. *Rule 74.04(c)*

■ Sublessee contends, in its first point, that Landlord's motion for summary judgment did not comply with Rule 74.04(c), and therefore the trial court erred in granting summary judgment. Landlord's motion did not summarily state the legal basis for its motion as required by Rule 74.04(c). Compliance with this rule is not subject to waiver. *AgriBank FCB v. Cross Timbers Ranch, Inc.*, 919 S.W.2d 263, 267 (Mo.App.1996). However, in this case Landlord accompanied its motion with a supporting memorandum that explained

why summary judgment should be granted. Rule 74.04(c)(1). Sublessee did not object to the motion in the trial court on the basis that it violated Rule 74.04(c), and it is readily apparent that the issues raised in the summary judgment motion were sufficiently clear that Sublessee was able to make a precise and appropriate response. *See AgriBank,* 919 S.W.2d at 267; Mathes by and Through *Mathes v. Nolan,* 904 S.W.2d 353, 355 (Mo.App.1995). Although we do not condone this rule violation, in the interest of judicial economy, we will review this appeal on the merits, and deny point one.

II. *Effect of Prohibition of Assignment of Lease on Assignment of Right of First Refusal*

For its sole point on the merits, Sublessee asserts that the trial court erred in determining that the right of first refusal in the sublease was not valid and assignable by Tenant to Sublessee. From the argument under this point, we understand Sublessee's argument to be that the right of first refusal was not subject to the prohibition against assignment without Landlord's consent because the prohibition against assignment applies only to an assignment of the lease in its entirety, and not to the right of first refusal.

We review the grant of summary judgment *de novo. ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993). Disputes arising from the interpretation and application of leases are matters of law for the court. *Langdon v. United Restaurants, Inc.,* 105 S.W.3d 882, 887 (Mo.App.2003).

This case involves the attempted assignment by a lessee, without lessor's consent, of a right of first refusal contained in a lease that prohibited assignment of the lease without lessor's consent.

■ In Missouri, a lessee may assign a lease that exceeds two years in duration without the lessor's consent, unless the lease contains language to the contrary. *Hemisphere Tour & Travel, South, Inc. v. Bones,* 978 S.W.2d 451, 454 (Mo.App.1998); Section 441.030 RSMo (2000). If a lease prohibits assignment without the lessor's consent, any assignment of the lease without that consent is invalid. *Id.; Michelson Realty v. Curtis, Bamburg,* 851 S.W.2d 7, 9 (Mo.App.1993); *66 Terminal, Inc. v. Roberts,* 448 S.W.2d 938, 940 (Mo.App. 1969).

■ If the lessor expressly or impliedly consents to an assignment, the assignment creates privity of estate between the lessor and the assignee. *Weigle v. Rogers,* 202 Mo.App. 520, 213 S.W. 501, 503 (1919). *See also 8182 Maryland Associates v. Sheehan,* 14 S.W.3d 576, 586 (Mo. banc 2000); *Siragusa v. Park,* 913 S.W.2d 915, 918 (Mo.App.1996). When there is privity of estate, covenants in the original lease that run with the land are binding on the lessor and the assignee. *Weigle,* 213 S.W. at 503. Thus, covenants that run with the land ordinarily pass with an assignment of the lease. *Blackmore v. Boardman,* 28 Mo. 420 (1859); *Employees Consumer Organ., Inc. v. Gorman's, Inc.,* 395 S.W.2d 162, 166 (Mo.1965). The assignee succeeds to all the interest of the lessee and to the benefit of all the covenants that run with the leasehold estate. *Gorman's,* 395 S.W.2d at 166; *Siragusa,* 913 S.W.2d at 917.

■ A right of first refusal[2] that is contained in a lease is regarded as a covenant that runs with the land. *C & J Delivery v. Vinyard & Lee & Partners,*

**2.** "A first right of refusal, or preemptive right, requires the seller, when or if he or she decides to sell, to first offer the property to the holder of the right, either at a stipulated price or at the price and on the terms the seller is willing to sell." *Unlimited Equip. Lines v.*

647 S.W.2d 564, 569 (Mo.App.1983). Accordingly, as a covenant that runs with the land, a right of first refusal contained in a lease passes to an assignee of a lease upon assignment of the lease.

■ The parties have not cited a Missouri case that addresses the question of whether a provision prohibiting assignment of a lease also prohibits assignment of a right of first refusal contained in the lease. However, it is generally accepted that just as the assignment of a lease includes the assignment of the right of first refusal, a prohibition against assignment of a lease also prohibits assignment of the right of first refusal. 2 Milton R. Friedman, Friedman on Leases section 15.3, at 969 & n. 1 (4th ed.1997); George W. Thompson, Commentaries on the Modern Law of Property section 1156, at 572 (1980 Replacement). *See also Gatley v. Shockley,* 215 Cal. 604, 12 P.2d 436, 439 (1932); *Prichard v. Kimball,* 190 Cal. 757, 214 P. 863, 866 (1923); *Zeidman v. Davis,* 161 Tex. 496, 342 S.W.2d 555, 558 (1961); 52 C.J.S. *Landlord and Tenant* section 128 (2003); 49 AmJur 2d *Landlord and Tenant* section 411 (1995).[3] Thus, in the absence of any contrary language in the lease, a prohibition against assignment of the lease also prohibits assignment of a right of first refusal. Accordingly, we hold that if lease may not be assigned without the lessor's consent, a right of first refusal contained

in that lease may not be assigned without the lessor's consent.

Plaintiff argues for the reverse proposition, that a right of first refusal is assignable, even if the lease is not, unless the lease specifically prohibits assignment of the right of first refusal. Plaintiff relies on *J.F. Auderer Laboratories Inc. v. Deas,* 223 La. 923, 67 So.2d 179 (1953) and *Holmes v. Harris,* 33 N.J.Super. 395, 110 A.2d 329 (1954). Neither case is persuasive authority because in both cases the assignment of the option contained in the lease was made with the lessor's consent.

*Auderer* is wholly inapposite because it involved a lease that specifically gave an option to purchase to the tenant *and* "its successor or assigns," and the assignment of the option to purchase to the tenant was made with the lessors' knowledge and consent. 67 So.2d at 181.

In *Holmes,* a prospective purchaser of the leased property appealed from a judgment granting a subtenant the right to exercise an option to purchase that had been assigned to subtenant in a sublease. The prospective purchaser argued that the prohibition against assignment of the lease without the lessor's written consent that was contained in the lease also barred the assignment of the option. In affirming this judgment, the New Jersey court of appeals rejected that argument, stating that such a prohibition would not only be

---

*Graphic Arts,* 889 S.W.2d 926, 932 (Mo.App. 1994); *see also Barling v. Horn,* 296 S.W.2d 94, 98 (Mo.1956); *Agribank,* 949 S.W.2d at 187.

**3.** Most of these authorities express this rule in the context of options to purchase contained in a lease. An option to purchase differs from a right of first refusal in that it creates in the optionee a power to compel the owner of real estate to sell it upon stipulated conditions, whether or not the owner is willing to sell. *Barling,* 296 S.W.2d at 98; *Agribank,* 949 S.W.2d at 187; *Hendricks v. Northcutt,* 820 S.W.2d 689, 692 (Mo.App.1991). However,

both rights of first refusal and options to purchase are covenants that run with the land when they are incorporated into a lease. *C & J Delivery,* 647 S.W.2d at 569. The same rules of law govern both with respect to whether and how they can be assigned in a lease. 2 Friedman, *supra,* section 15.3 at 969 & n. 1; *L & M Corp. v. Loader,* 688 P.2d 448, 449 (Utah 1984). Missouri courts have cited cases involving options to purchase and cases involving rights of first refusal interchangeably in analyzing lease covenants. *See, e.g., C & J Delivery,* 647 S.W.2d at 568–69.

"judicially unwarrantable but indeed, offensive to the evident practical interpretation entertained and adopted by the parties to the lease and their successors in interest." 110 A.2d at 334. To the extent that *Holmes* may be interpreted to state that a prohibition on assignment of a lease without consent does not extend to an option to purchase in the lease, it was not supported by any relevant authority, and further is superfluous, because the court also based its result on the evidence that the lessor had consented to or acquiesced in the assignment of the option and had voluntarily offered the property to the subtenant. *See id.* Neither *Auderer* nor *Holmes* persuades us to reach a different result in this case.

Plaintiff also cites cases interpreting lease provisions prohibiting a lessor from unreasonably withholding consent to assignment. Any argument based on these cases is irrelevant because the petition in this case did not allege that tenant requested defendant to consent to the assignment, nor did it seek relief on that theory.

Because Landlord did not consent to assignment of the lease, Tenant's attempt to assign the right of first refusal contained in the lease was invalid. Sublessee had no right of first refusal that it could enforce. The trial court did not misapply the law in entering summary judgment in Landlord's favor. Point two is denied.

The judgment of the trial court is affirmed. Landlord's motion for imposition of post-judgment interest and Landlord's alternative motion for damages for frivolous appeal are both denied.

LAWRENCE E. MOONEY, J. and BOOKER T. SHAW, J., concur.