**Dennis PAPE, Appellant,**

v.

**HUEY'S COLLISION CENTER,
Respondent.**

**No. ED 91433.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 23, 2008.

Ellen Morgan, Ballwin, MO, for Appellant.

Patrick N. McHugh, Leslie A. Phillips, St. Louis, MO, for Respondent.

Before NANNETTE A. BAKER, C.J., GLENN A. NORTON, J., and KENNETH M. ROMINES, J.

## ORDER

PER CURIAM.

Appellant Dennis Pape ("Pape"), appeals from the judgment of the Labor and Industrial Relations Commission ("Commission") after the Commission affirmed the Administrative Law Judge's judgment denying Pape compensation for his work-related accident.

Pape brings one point on appeal, claiming the Commission erred in finding that Pape's injury did not arise out of or occur in the course of his employment.

Huey's filed a motion to dismiss Pape's brief for failure to comply with Rule 84.04, in that the brief fails to state the legal reasons for the Commission's error, and fails to explain why those reasons support Pape's claim of error.[1] "A point that merely states what the alleged error is without stating why it is error does not satisfy Rule 84.04(d) and does not preserve the question for review." *Megargel Willbrand & Co., LLC v. FAMPAT Ltd. Partnership*, 210 S.W.3d 205, 209 (Mo.App. E.D.2006). Because Pape failed to substantially comply with Rule 84.04, his brief preserves nothing for our review and is inadequate to invoke this Court's jurisdiction. *Livingston v. Schnuck Markets*,

---

1. Pape's sole point relied on reads as follows: "The Labor and Industrial Relations Commission erred in its conclusion that Employee/Appellant's injury did not arise or [sic] of or occur in the course of his employment."

*Inc.,* 184 S.W.3d 617, 619 (Mo.App. E.D. 2006). Nevertheless, we have reviewed Pape's claim *ex gratia.*

We have thoroughly reviewed the record and the briefs of the parties and no error of law appears. Given the particular facts of this case, we are hard-pressed to see how Pape's injury arose out of, or occurred within the scope of his employment. As we find no error on the part of the Commission, an opinion would serve no jurisprudential purpose here. The judgment is affirmed pursuant to Rule 84.16(b).

AFFIRMED.